STATE of Alaska, Petitioner,

v.

Natividad SALINAS, Respondent.

No. 101.

Supreme Court of Alaska.

May 18, 1961.

---

Robert C. Erwin, Dist. Atty., Nome, for petitioner.

Fred D. Crane, Taylor & Crane, Fairbanks, for respondent.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

PER CURIAM.

The question presented by this petition for review is whether the superior court has jurisdiction to grant a new trial on the grounds of newly discovered evidence, after an appellate court has affirmed a judgment of conviction and issued a mandate ordering the defendant to be taken into custody, but has not remanded the case to the superior court for the purpose of granting a new trial.

Respondent was indicted for the crime of arson in the first degree on February 24, 1958 and convicted of arson in the second degree in the United States District Court for the District (Territory) of Alaska, Second Judicial Division on May 1, 1958. He appealed the conviction to the United States Court of Appeals for the Ninth Circuit. While the appeal was pending respondent moved the United States District Court for the District (Territory) of Alaska, on January 3, 1960, for a new trial on the ground of newly discovered evidence. On February 20, 1960, the Alaska Court System assumed its full jurisdiction and the United States District Court for the District (Territory) of Alaska went out of existence.[1] On February 20, 1960, all

---

1. Exec.Order No. 10,867, 25 Fed.Reg. 1584 (1960), 28 U.S.C.A. § 81A note.

cases pending before the United States District Court for the District (Territory) of Alaska, Second Judicial Division, were divided between the newly created United States District Court for the District of Alaska and the Superior Court for the State of Alaska, Second Judicial District, according to the character of each case, and the requirements of section 15 of the Alaska Statehood Act.[2] This case and the pending motion of the respondent for a new trial were transferred to the Superior Court for the State of Alaska, Second Judicial District. Respondent's conviction was affirmed by the United States Court of Appeals for the Ninth Circuit on May 2, 1960 [3] and a mandate issued on June 6, 1960. The Superior Court for the Second Judicial District of Alaska granted a new trial on August 23, 1960. On November 4, 1960 petitioner filed a motion to vacate the order granting a new trial. This motion was denied on January 31, 1961 and it is from this order that petitioner seeks review.

Petitioner bases the request for review on Rule 23(c) (3).[4] Respondent opposes granting review on the ground that to do so would amount to a circumvention by the state of the spirit and intent of Rule 6 of the rules of this court, which denies the state the right of appeal in criminal cases except to test the sufficiency of the indictment or information.[5]

▪ Review will be granted. The limitation of the right of the state to appeal contained in Rule 6 does not prevent its use of review, on appropriate occasion, to question the jurisdiction of the trial court. Writs in the nature of mandamus or prohibition have been replaced by the petition for review.[6]

Determination of the question presented depends in part upon a construction of

---

2. "Sec. 15. All causes pending or determined in the District Court for the Territory of Alaska at the time of the admission of Alaska as a State which are of such nature as to be within the jurisdiction of a district court of the United States shall be transferred to the United States District Court for the District of Alaska for final disposition and enforcement in the same manner as is now provided by law with reference to the judgments and decrees in existing United States district courts. All other causes pending or determined in the District Court for the Territory of Alaska at the time of the admission of Alaska as a State shall be transferred to the appropriate State court of Alaska. All final judgments and decrees rendered upon such transferred cases in the United States District Court for the District of Alaska may be reviewed by the Supreme Court of the United States or by the United States Court of Appeals for the Ninth Circuit in the same manner as is now provided by law with reference to the judgments and decrees in existing United States district courts." 72 Stat. 349 (1958), 28 U.S.C.A. § 81A note.

3. Salinas v. United States, 9 Cir., 1960, 277 F.2d 914.

4. Supreme Court Rule 23(c) (3) provides:
   "An aggrieved party may petition this court for review of any order or decision of the superior court, not otherwise appealable under Rule 6, in any action or proceeding, civil or criminal, as follows:
   \*     \*     \*     \*     \*
   "(c) From any order affecting a substantial right in an action or proceeding which \* \* \* (3) grants a new trial."

5. Supreme Court Rule 6 states:
   "*Judgments From Which Appeal May Be Taken.*
   "An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding, civil or criminal, except that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or information."

6. Supreme Court Rule 23(e) provides:
   "Relief heretofore available by writs of review, certiorari, mandamus, prohibition, and other writs necessary or appropriate to the complete exercise of this court's jurisdiction, may be obtained by petition for review, and the procedure for obtaining such relief shall be as prescribed in Part VI of these rules."
   Cf. United States v. Smith, 1947, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610.

Rule 33, Rules of Criminal Procedure.[7] Recent Federal authorities construing the identical rule in the Federal Rules of Criminal Procedure, 18 U.S.C.A., are helpful and will be adopted to the extent hereinafter mentioned.

■ It is our view that upon remand of a case by this court[8] it becomes the duty of the lower court to obey the mandate and render judgment in conformity. This rule is supported by the overwhelming weight of authority and is based on 'the policy that litigation must be finally ended.[9]

■ If a motion for a new trial based on newly discovered evidence is made in the trial court after affirmance and remand, but within the time limit established by Rule 33, that court may consider and deny the motion without reference to this court. It cannot grant the motion without first applying for and obtaining a remand of the case from this court to the trial court for the stated purpose of granting a new trial.[10]

If the motion for new trial on the ground of newly discovered evidence is made within the time limit established by Rule 33, while the appeal is pending, but before affirmance or issuance of mandate, the trial court may consider and deny the motion without reference to this court.[11] It cannot grant the motion without first applying for and obtaining a remand of the case from this court to the trial court for the stated purpose of granting a new trial.

■ In this case the Superior Court granted the motion for new trial, after affirmance and issuance of mandate by the United States Court of Appeals for the Ninth Circuit. Instead, it should first have applied to this court, as successor court to the United States Court of Appeals for the Ninth Circuit in state appellate matters, requesting that the case be remanded to it for the purpose of granting a new trial on the ground of newly discovered evidence.

For these reasons the order of the Superior Court, Second Judicial District, dated August 23, 1960, granting respondent a new trial is vacated without prejudice to respondent's right to refile the motion. Further proceedings thereon will be governed by the provisions of this opinion.

Petitioner urges as an additional ground for review the fact that the Superior Court abused its discretion in granting a new trial. We are not inclined to so rule in this case on the record before us. In the event respondent files another motion for new trial in accordance with the leave granted in this opinion, the Superior Court is requested to consider it in the light of the requirements set out in the majority opinion in Pitts v. United States.[12]

7. "*New Trial*.

"The court may grant a new trial to a defendant if required in the interest of justice. If trial was by the court without a jury the court may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 5 days after verdict or finding of guilty, or within such further time as the court may fix during the 5-day period."

8. For the purposes of this decision we consider the affirmance and remand by the United States Court of Appeals for the Ninth Circuit as being affirmance and remand by this court.

9. Flowers v. United States, 8 Cir., 1936, 86 F.2d 79, 80.

10. Zamloch v. United States, 9 Cir., 1951, 187 F.2d 854, 855, certiorari denied, 1952, 343 U.S. 934, 72 S.Ct. 770, 96 L. Ed. 1342.

11. Knight v. United States, 5 Cir., 1954, 213 F.2d 699. 702.

12. 9 Cir., 1959, 263 F.2d 808, 810, certiorari denied 1959, 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535.