Michael M. HIXON, Appellant,

v.

STATE of Alaska, Appellee.

No. 1709.

Supreme Court of Alaska.

April 13, 1973.

Herbert D. Soll, Public Defender, Jon R. Larson, Lawrence J. Kulik, Asst. Public Defenders, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Dist. Atty., Charles M. Merriner, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, and ERWIN, JJ.

## OPINION

PER CURIAM.

In the case at bar, appellant appeals from a sentence of ten years for robbery with no parole for three years, and five years imposed concurrently for an unrelated burglary not in a dwelling.

Appellant is 22 years old, unmarried, with an extensive juvenile record which includes incarceration as a juvenile in both the Alcantra Youth Center and the Federal Youth Center in Englewood, Colorado.

Since his release at age 18½, appellant has been convicted twice for petty larceny, twice for being a minor in possession of intoxicating liquor for which he was sentenced and served seven months in jail. He further acknowledged the commission of two burglaries and the felony of receiving stolen property, all of which were dismissed after a plea of guilty to the charges herein.

Concerning the robbery in the case at bar, appellant planned for several days in advance to rob the particular victim. He filled a pint jar with kerosene, powdered soap and kitchen spices, followed the victim, threw the mixture in his face, struggled with him for his money, and then fled with the wrong bag.

The trial court, after reviewing the appellant's background,[1] found the appellant was a danger to the community and that long term incarceration was necessary. Under these circumstances, it is clear the sentence imposed was within the zone of reasonableness.

FITZGERALD, J., not participating.

1. Appellant admitted the circumstances concerning the petty larceny convictions together with the commission of the additional felony charges dismissed after sentence herein. Such information which has been thus verified may be used in the sentencing process. State v. Galaktionoff, 486 P.2d 919, 922–923 (Alaska 1972), is not intended to restrict the trial court from using verified information concerning additional crimes where the defendant is informed of the information and given an opportunity to explain or admit it. *See also* Robinson v. State, 492 P.2d 106, 107 (Alaska 1971).