**Michael Shane CLEARY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3059.**

Supreme Court of Alaska.

May 25, 1977.

F. P. Pettyjohn, Anchorage, for appellant.

Ivan Lawner, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

OPINION

RABINOWITZ, Justice.

This appeal is taken from judgments and commitments which were entered by the superior court after the matters had been remanded from this court pursuant to our opinion in *Cleary v. State,* 548 P.2d 952 (Alaska 1976).

Appellant Michael Cleary was indicted on January 30, 1975, for four counts of robbery, in violation of AS 11.15.240,[1] and in a separate indictment was charged with one count of attempted robbery and one count of robbery. The robberies spanned a period of time from January 9, 1975, to January 25, 1975. Cleary was also under indictment

---

1. AS 11.15.240 provides:

    A person who, by force or violence, or by putting in fear, steals or takes anything of value from the person of another is guilty of rob-

bery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

in the United States District Court for armed bank robbery. In March of 1975 Cleary pled guilty to the federal charge and was sentenced to a term of five years.

On May 16, 1975, Cleary pled guilty to the four counts of robbery and to the additional robbery count contained in the separate indictment. On July 21, 1975, Superior Court Judge Kalamarides sentenced Cleary to 10 years on each of the four robbery counts (in superior court No. 75–617 Cr.) and 10 years on the separate robbery count (in superior court No. 75–536). The sentences on the four robbery counts (No. 75–617 Cr.) were to run concurrently with each other and consecutively to both the federal sentence and the 10-year sentence which had been imposed on the separate state robbery charge. Thus, Judge Kalamarides sentenced Cleary to 20 years to follow the 5-year federal sentence. The sentences were appealed to this court and the matter was thereafter reversed and remanded to the superior court with instructions to vacate the sentences imposed and to resentence Cleary in conformity with our opinion in *Cleary v. State*, 548 P.2d 952 (Alaska 1976).

In our previous *Cleary* opinion we reiterated our view that we consider robbery among the most serious crimes[2] and that:

> Conduct such as that engaged in by Cleary calls for lengthy incarceration. With reference to the criteria enunciated in *Chaney* [*State v. Chaney*, Alaska, 477 P.2d 441], a substantial sanction is necessary to express the community's condemnation of such behavior so as to deter other members of the community from engaging in similar conduct. In addition, a long period of imprisonment unequivocally brings home to Cleary the seriousness of his dangerously unlawful conduct

while preventing him from engaging in criminal conduct during the period of confinement.[3]

After reviewing all aspects of the record in *Cleary*, we concluded that the superior court properly rejected the district attorney's recommended sentence which would have enabled Cleary to return to the community upon completion of service of his federal sentence. More particularly, we said in *Cleary* that:

> In order to effectuate the goals enunciated in the State constitution, we think it was appropriate for the superior court to impose a sentence which would run consecutively to the federal sentence. It does not appear to us, however, that the principle of public protection requires Cleary's potential incarceration for an additional twenty years.[4]

Upon remand the matter was assigned to Superior Court Judge C. J. Occhipinti. During the hearing on resentencing, at the superior court's insistence, counsel for the state recommended a sentence of 10 years imprisonment as to each of the five state robbery counts, all to be served concurrently with each other and consecutively to the federal sentence. At this sentencing hearing, the state did not produce any additional evidence. Although Cleary did not present witnesses either, he made a statement concerning his present rehabilitation program in a federal penitentiary. Counsel for Cleary recommended 7½ years consecutive to the 5-year federal sentence. After taking the matter under advisement, the superior court sentenced Cleary to a 10-year sentence in No. 75–536 Cr. and 20 years on each of the four robbery counts in No. 75–617 Cr.; all sentences were made concurrent with each other; the 20-year sentences were made to run consecutively to

---

2. In *Cleary v. State*, 548 P.2d 952, 955 (Alaska 1976), we further elaborated upon our view of robbery and stated that:

> This court, without question, considers robbery to be 'among the most serious crimes.' We note that Cleary was involved in six robberies; furthermore, he used a handgun in each instance. As observed by a recent article on sentence review in Alaska,

'the use of weapons aggravates the nature of the crime'. Although nobody was injured by Cleary's actions, we think it is 'appropriate to take into consideration the potential injury to the victim in arriving at a proper sentence.' (footnotes omitted)

3. *Id.* at 955.

4. *Id.* at 956.

the federal sentence, while the 10-year sentence in No. 75–536 Cr. was made concurrent with the federal sentence.[5] This second sentence appeal followed.

We have concluded that the 20-year sentences imposed by the superior court as to each of the four robbery counts in No. 75–617 Cr. are illegal sentences and therefore must be vacated. Cleary was indicted on, and pled guilty to, four violations of AS 11.15.240 for which the maximum sentence is 15 years.[6] In order for the superior court to have sentenced Cleary under AS 11.15.-295, the state must have charged and proven that a firearm was used during the commission of the crimes.[7] Of controlling significance here is that Cleary pled guilty only to violations of AS 11.15.240. In this appeal, the state concedes that the sentences imposed by the superior court on the four robbery counts in No. 75–617 Cr. are "clearly illegal, and should be reversed and remanded for resentencing."

We now turn to the disposition which should be made upon our second remand of the four robbery counts in No. 75–617 Cr. Cleary was indicted on, and pled guilty to, four violations of AS 11.15.-240 for which the maximum sentence is 15 years. Our re-examination of the record in the case at bar, in light of our initial decision in *Cleary v. State*, 548 P.2d 952 (Alaska 1976), persuades us that an appropriate sentence for these. four robbery counts would be one that substantially parallels the recommendation made by counsel for the prosecution at the sentencing proceedings which were conducted after our initial remand of this matter. More particularly, we are in agreement with the state's recommendation that a sentence of 10 years imprisonment as to each of four robbery counts in No. 75–617 Cr., all to be served concurrently with each other and consecutively to the federal sentence, is an appropriate sentence under our decision in *State v. Salinas*, 362 P.2d 298, 301 (Alaska 1961), and the sentencing objectives articulated in *State v. Chaney*, 477 P.2d 441 (Alaska 1970), and its progeny.

One question remaining is whether the 10-year sentence in No. 75–536 Cr., which, according to the judgment and commitment in the matter, was to run concurrently with the 5-year federal sentence, is excessive. In our view, the superior court was not "clearly mistaken" in imposing a 10-year sentence in No. 75–536 Cr., whether the sentence is to be served concurrently with, or consecutively to, the federal sentence.[8] In light of the seriousness of the offense, the record in this case, and what we consider to be an appropriate sentence as to the four robbery convictions in superior court No. 75–617 Cr., we conclude that the superior court's sentence in No. 75–536 Cr. was not excessive and is affirmed.[9]

Because of the sentence imposed on our first remand, we consider it necessary

---

**5.** We note that there is a conflict between the superior court's Sentence Memorandum and the Judgment and Commitment which was entered in No. 75–536 Cr. In its decision in the Sentence Memorandum, the superior court indicated that all of the state sentences would be made to run consecutive to the federal sentence.

On the same day that a notice of appeal was filed in these matters, counsel for Cleary filed in the superior court a motion for clarification in which the superior court was asked to clarify " . . . whether the sentence in Case No. 75–536 shall be served concurrently or consecutively to the sentence imposed in Federal Court." The records of the superior court reflect that no determination has yet been made on the motion.

**6.** For the text of AS 11.15.240, see note 1, *supra*.

**7.** AS 11.15.295 provides:

A person who uses or carries a firearm during the commission of a robbery, assault, murder, rape, burglary, or kidnapping is guilty of a felony and upon conviction for a first offense is punishable by imprisonment for not less than 10 years. Upon conviction for a second or subsequent offense in violation of this section, the offender shall be imprisoned for not less than 25 years.

**8.** *See* note 5, *supra*.

**9.** In *Marks v. State*, 557 P.2d 1136 (Alaska 1976), we approved a 5-year sentence for a single count of robbery carried out with an unloaded handgun. This court has previously approved 10-year sentences for robbery in *Hixon v. State*, 508 P.2d 526 (Alaska 1973), and *Robinson v. State*, 492 P.2d 106 (Alaska 1971).

to discuss an additional facet of this appeal. As mentioned previously, the only new fact elicited at the sentencing hearing on remand was that Cleary was presently enrolled in a rehabilitation program in the Oxford Federal Penitentiary in Madison, Wisconsin. Nevertheless, the superior court imposed sentences which were equivalent in length to the sentences this court had previously held excessive and had ordered vacated in *Cleary v. State*, 548 P.2d 952 (Alaska 1976). In regard to the obligation of the trial court upon remand of a matter from this court, we observed in *State v. Salinas*, 362 P.2d 298, 301 (Alaska 1961):

> It is our view that upon remand of a case by this court it becomes the duty of the lower court to obey the mandate and render judgment in conformity. This rule is supported by the overwhelming weight of authority and is based on the policy that litigation must be finally ended.[10] (footnotes omitted)

Thus, we take this occasion to express our disapproval of the superior court's imposition upon remand of 20-year sentences on each of the four robbery counts in No. 75–617 Cr. which were made to run consecutively to the 5-year federal sentence. The superior court's sentence with respect to the four robbery counts was inconsistent with the holding of *Cleary v. State*, 548 P.2d 952 (Alaska 1976), and this court's mandate issued pursuant thereto as well as violative of the principles articulated in *State v. Salinas*, 362 P.2d 298, 301 (Alaska 1961).

The judgment and commitment in No. 75–536 Cr. is affirmed. The sentence in No. 75–617 Cr. is vacated and remanded for sentencing in conformity with this opinion.

BURKE, Justice, dissenting in part, concurring in part.

For the reasons expressed in my dissent in the first appeal of this case, *Cleary v. State*, 548 P.2d 952 (Alaska 1976), I am still of the opinion that appellant's original sentence was not clearly excessive. For those same reasons, and as further explained below, I now dissent from the majority's holding requiring the superior court to enter a 10 year sentence as to each of the four robbery counts in cause No. 75–617 Cr. At the same time, I concur in several respects with the majority opinion in this case.

Despite my own strong disagreement with the reversal ordered in the first appeal, like the majority, I disapprove of the action taken by the superior court following our remand of the case. The imposition of a sentence of 20 years on each of the four robbery counts, made to run consecutively to the 5 year federal sentence, resulted in a term of potential incarceration identical to that held clearly excessive in the first appeal. The superior court all too clearly chose to disregard the mandate of this court by the rather clumsy process of simply juggling the numbers. In my opinion, no judge, regardless of his personal views, is entitled to ignore the requirements of the law. As stated long ago in *State v. Salinas*, 362 P.2d 298, 301 (Alaska 1961):

> [U]pon remand of a case by this court it becomes the duty of the lower court to obey the mandate and render judgment in conformity. This rule is supported by the overwhelming weight of authority and is based on the policy that litigation must be finally ended. (footnotes omitted)

Failure to recognize that duty poorly serves the public interest in that it can only result in further controversy and, as it did in this case, the added cost of another appeal.

I also concur with the majority's holding that a 20 year sentence for a particular robbery is clearly illegal in that it exceeds the maximum sentence of 15 years allowed by AS 11.15.240, the statute under which Cleary was charged and convicted.

**10.** See *United States v. O'Brien*, 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672, 680 (1968); *Lichter v. United States*, 334 U.S. 742, 756 n. 4, 68 S.Ct. 1294, 1302, 92 L.Ed. 1694, 1711 n. 4 (1948); *United States v. Crocker*, 294

F.Supp. 776, 777 (D.Minn.1969). *Compare* ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences, Standard 3.4 at 66 (Approved Draft 1968).

My disagreement with the majority in this case, concerns the action that will now be taken. I see no justification for reducing the sentences any further than is required to bring them into conformity with the maximum term allowed by AS 11.15.-240. I would simply hold that to the extent that the sentences on the four robbery counts (No. 75–617 Cr.) exceed the statutory maximum, the sentences should be vacated. Thus, I would remand with directions that the superior court enter judgment reducing those sentences to a legal term of 15 years, to be served consecutively with the federal sentence of 5 years.