**Ralph Ronald RADER, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3123.**

Supreme Court of Alaska.

Sept. 23, 1977.

James L. Bruce, Asst. Public Defender, Ketchikan, Brian Shortell, Public Defender, Anchorage, for appellant.

Geoffrey G. Currall, Dist. Atty., Ketchikan, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

RABINOWITZ, Justice.

Appellant Ralph Rader, Jr. brings this appeal from a sentence of four years imprisonment which was imposed by the superior court upon his plea of guilty to the offense of possession of marijuana with the intent to sell, a violation of AS 17.12.010. After sentence was imposed, Rader filed an application for suspension of sentence pursuant to Criminal Rule 35. This motion was grounded upon Rader's assertion that he was promised that if he entered a guilty plea he would not serve more than six months in jail. After an evidentiary hearing, the superior court denied Rader's application for a suspended sentence.[1] This sentence appeal followed.

Rader's sole assertion of error in this appeal advances the argument that "the sentencing judge in fashioning the precise sentence which he imposed in this case acted under a mistaken understanding as to his actual powers under Title 33 of the Alaska Statutes relating to 'Probation, Prisons and Prisoners.'"[2] In elaboration of this specification of error, appellant argues that "the sentencing judge did not realize that according to AS 33.30.090 and AS 33.-30.250 a sentencing judge has no power to require the commissioner of corrections to release a prisoner to work. That decision is discretionary with the commissioner. (AS 33.30.250)."[3]

Our study of the record in the case at bar has convinced us that the basis of appellant's instant sentence appeal is devoid of

1. The motion was heard and decided by Superior Court Judge Thomas B. Stewart.

2. At the outset of his brief in this appeal counsel for appellant states, in part, the following:
   It should be noted that the defense believes the sentencing judge was very thorough and fair. We do not question any of the considerations upon which the judge based the sentence. We feel that the judge correctly applied the policy of this court as stated in the landmark case of *State v. Chaney,* 477 P.2d 441 (Alaska 1970), and its companion case *Nicholas v. State,* 477 P.2d 447 (Alaska 1970), but most especially the goals of penal administration towards drug offenders as stated in *Waters v. State,* 483 P.2d 199 (Alaska 1971).

3. AS 33.30.090 provides:
   A person convicted of an offense against the state shall be committed to the custody of the commissioner for the term of imprisonment which the court directs.
   AS 33.30.250(a) provides:
   (a) When a person is convicted of a crime and is sentenced to a prison facility, or is imprisoned in the prison facility for nonpayment of a fine, for contempt, or as a condition of probation for a criminal offense, the commissioner may, if he concludes that the person is a fit subject for a work furlough and is not prohibited from it under (g) of this section, direct that the person be permitted to continue in his regular employment, if that is compatible with the requirements of (c) of this section, or may authorize the person to secure employment for himself, unless the court at the time of sentencing has ordered that the person not be granted work furloughs.

merit. In its amended judgment and commitment, the superior court provided, in part:

> It is the recommendation of this court that the defendant be eligible for parole after serving one-third of this sentence, and that prior to parole he be released on a work release program for a minimum of six months . . ..

This formal judgment is consistent in all respects with the superior court's oral pronouncement of sentence. The record of the sentencing proceedings shows that the superior court stated, in part:

> I am going to order you committed to the Commissioner of the Department of Health and Social Services for a period of four years. I am going to recommend that you be eligible for parole on serving one-third of that sentence and that prior to parole you be released on a work release program for a minimum of six months. The work release program that I will recommend will require that you report to the institution each night after you've gotten off work.

In our view, both the formal judgment of commitment and the quoted portions of the sentencing proceedings conclusively demonstrate that the superior court was not laboring under any misapprehension as to its authority regarding the subjects of work release or determination of a fixed date for parole release.[4] What the record does reflect is the very sensitive, legally accurate, and careful manner in which the superior court fashioned a sentence which was fully justified in the light of appellant's background and the nature of the crime.

Affirmed.

---

4. In *State v. Chaney,* 477 P.2d 441, 443 (Alaska 1970), we indicated that in carrying out our sentence review jurisdiction this court would determine whether the sentence was based on accurate application of law. *Cf. Cleary v. State,* 564 P.2d 374, 386 (Alaska 1977) (vacating a sentence which exceeded the maximum authorized by the statute to which defendant pled guilty and remanding the matter for resentencing).