In the Matter of J. H. B., a minor, Appellant.

No. 2947.

Supreme Court of Alaska.

May 12, 1978.

---

Ronald A. Offret, Edgar Paul Boyko & Associates, Anchorage, for appellant.

Anne Carpeneti, Asst. Atty. Gen., Daniel W. Hickey, Chief Prosecutor, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

OPINION

CONNOR, Justice.

J.H.B., Jr. appeals from a judgment which waived jurisdiction by the children's court over him and permitted the state to prosecute him as an adult. Adult criminal proceedings against him were stayed pending this appeal.

J.H.B., Jr., cites as error the court's reliance on hearsay reports of violent incidents which occurred at the jail prior to the waiver hearing, and the admission of a police detective's testimony regarding robberies which the minor had admitted planning, but had not carried out. In addition, appellant claims that the absence of his parents from the major portion of the waiver hearing constituted a denial of due process, and that the court's finding that he was not amenable to juvenile treatment was not supported by the evidence. We find no error in the last three contentions. With regard to the lower court's reliance on reports of incidents at the jail, however, we must remand.

On February 18, 1976, three days after his sixteenth birthday, appellant was arrested for two armed robberies which had taken place earlier that month. He confessed to both robberies, stating that he had carried a loaded gun during one of them, and that his partner had done so during both.

The waiver hearing, originally scheduled for April 16, 1976, was advanced to April 14 for the convenience of counsel. Appellant's parents were not notified of the change, and did not attend the hearing. Defense counsel stipulated, for purposes of the waiver hearing only, that there was probable cause to hold J.H.B., Jr. to answer for the offenses charged. Testimony was presented concerning the charged offenses, appellant's psychological status, and the alternative dispositions available. Police detective James Fitzgerald testified that appellant had told him of plans to rob several establishments in the future, including a gun store, a bank, and the payroll of the Alyeska Pipeline Service Company. The court concluded that waiver was appropriate.

Defense counsel then moved for a new waiver hearing, owing to the absence of the appellant's parents on April 14. The court determined that the parents should have the opportunity to listen to a tape recording of the hearing, and to present any testimony which they considered necessary at a continuation of the original hearing. On April 30, the parents and the psychiatrist who had examined appellant testified. The court then reaffirmed its order of waiver and this appeal followed.

■ Appellant claims that it was error for the trial court to allow a police officer to testify as to J.H.B., Jr.'s admission that he had planned to commit certain robberies in the future. In *D.H. v. State*, 561 P.2d 294, 297 (Alaska 1977),[1] we concluded that such information was relevant to the issue of the minor's amenability to treatment. The evidence shed light on the minor's inclination towards antisocial conduct. On the other hand, a confession of this nature can be considered as a positive sign that the minor is not a hardened and sophisticated criminal who would be unamenable to treatment. *Id.* We therefore find that the information was relevant and that there was no error in allowing this testimony.

■ Appellant next contends that owing to the parents' absence from the April 14 hearing, the court ought to have held a completely new waiver hearing, and that

---

1. D.H. was J.H.B., Jr.'s partner in the robberies charged as well as for those planned but not executed. D.H. had made a confession similar to J.H.B., Jr.'s, which was testified to by a police officer at D.H.'s waiver hearing. In *D.H. v. State*, 561 P.2d 294, 297 (Alaska 1977), we concluded that there was no error in admitting this testimony.

failure to do so constituted a denial of due process to the minor.[2]  We do not agree.

It was defense counsel who told the court that the parents had been notified and "might very well arrive" during the April 14 hearing, when in fact, they had not received any notice of the change in the hearing date.  Further, appellant does not indicate how he might have been prejudiced by his parents' absence.[3]  We find that the error in this regard, if any, was remedied when the court arranged for the parents to listen to the tape recording of the waiver hearing, followed by a continuation of that hearing in order to receive any further testimony which the parents wished to present.

Appellant also contends that there was insufficient evidence to support the waiver of jurisdiction.  A court must find that there is probable cause to believe that the minor is delinquent and that the minor is not amenable to treatment before jurisdiction may be waived.  AS 47.10.060(a).  J.H.B., Jr.'s counsel stipulated, for purposes of the waiver hearing only, as to probable cause, and this prerequisite for waiver is not at issue in this appeal.  With regard to the issue of unamenability, AS 47.10.060(d) provides:

> "A minor is unamenable to treatment under this chapter if he probably cannot be rehabilitated by treatment under this chapter before he reaches 20 years of age.  In determining whether a minor is unamenable to treatment, the court may consider the seriousness of the offense the minor is alleged to have committed, the minor's history of delinquency, the probable cause of the minor's delinquent behavior, and the facilities available to the division of youth and adult authority for treating the minor."

2. Children's Rules 3(b) and 10(c)(2), cited by appellant, do not require this result.  These rules provide that notice must be given to the parents of the minor, but neither rule requires the parents' presence at the waiver hearings.

3. Appellant also claims that his due process rights were violated when the trial judge cut short the father's testimony regarding the vol-

Considering each element of AS 47.-10.060(d), we note that the offenses charged against J.H.B., Jr., two counts of armed robbery, are very serious offenses, a fact which appellant's counsel does not deny.  With regard to the second factor, we note that appellant had been involved in a joyriding incident and had committed an assault and battery on a witness against him in the joyriding matter which inflicted injuries severe enough to require hospitalization of the victim.  Appellant was on probation for these offenses at the time when the robberies allegedly were committed.  The court heard extensive testimony from a psychiatrist, Dr. Whelan, regarding the third factor, the probable cause of the minor's delinquent behavior.  David Schneider, a presentence investigator, also testified in this regard.  Finally, the court heard testimony from Schneider and John Cain, the probation supervisor, regarding the facilities available for treatment.  The court made written findings of facts as required by Children's Rule 3(h), and these findings show that he gave careful consideration to the question of waiver.  As we noted in *P.H. v. State,* 504 P.2d 837, 845–46 (Alaska 1972),

> "All four factors need not be resolved against the child to justify waiver.  Nor is there value in requiring the children's court to make an arithmetic calculation as to the weight to be given each factor.  There must, however, be a thorough examination of the child, his background and alternative strategies of rehabilitation short of adult criminal treatment.  Lacking such an examination, the children's court has no evidentiary basis for the decision."

We hold in the instant case that statutory conditions for waiver were adequately established.

untariness of the minor's confession.  However, there was ample opportunity to raise the issue of voluntariness at the first hearing even though the father was not present.  A new waiver hearing was not necessary in order to test the voluntariness of the confession.  Therefore, we find no merit in this argument.

We are troubled, however, by the trial court's reliance on hearsay reports of violent incidents in which appellant was involved while he was being detained at the jail. In the court's findings, it is stated:

"There is a pattern of violent behavior continuing down to two incidents at the jail on April 9 and March 9, 1976."

The reports of those incidents were not separately introduced into evidence, and there was no specific testimony pertaining to them. The reports, however, were contained in the children's court record of this case. The court alluded to these incidents as evidence of a continuing pattern of violent behavior, from which he concluded that J.H.B., Jr., was not amenable to rehabilitation in the juvenile justice system.[4]

The sole mention at the hearing, not only of the reports, but also of the underlying incidents themselves, was in the following colloquy between the court and John Cain, regional probation and parole administrator, who was a witness for the state:

"Q. Do you have incident reports from the detention facility in your file, or would they come to your file?

A. It would be a matter of whether the probation officer saw fit to make note of it, if he heard anything about that. I . . .

Q. Is there any note of one indicating March 9th, 1976? (Witness examines file.)

A. No, Your Honor. Last entry I see is February 19th, '76.

Q. All right.

THE COURT: I have nothing further. Either counsel have any questions, in view of the court's?

MR. MERTZ: No questions.

MR. OFFRET: No, Your Honor."

No one testified to the incidents at the jail and the reports of the incidents were not admitted into evidence. The state contended that the defense received copies of these reports before the April 14 hearing; defense counsel said that he received one, but not the other.

Appellant argues that these reports are hearsay, not within any exception, and that he was denied his constitutional right to be confronted with the witnesses against him. The state argues that this point was waived by failure to object in the trial court. As is apparent from the previously-quoted testimony of Mr. Cain, however, there was little that defense counsel could object to, for Cain testified that he had no knowledge of such incidents. Hearsay evidence and reports may in the discretion of the court be employed to accomplish a fair and proper disposition of a children's matter in the dispositive phase.[5] Before such evidence is used, however, the child and his counsel should be clearly advised that it is being considered so that opposing evidence or explanations may be presented.

A defendant's Sixth Amendment confrontation right[6] is not automatically violated whenever hearsay evidence is admitted. *P.H. v. State,* 504 P.2d 837, 843 (Alaska 1972), and cases cited therein. Rather, the court must balance the nature of the evidence, the relationship of other evidence, the opportunity to examine the statement, and its importance to the central issue. *Id.*

---

4. At the April 30 continuation of the hearing, defense counsel asked the court not to consider the two incidents at the jail in making its determination. Counsel pointed out that the state did not introduce any evidence on the incidents, that the witness questioned by the judge about these incidents knew nothing about them, and that the defense had therefore offered no evidence to refute these charges. The trial court thereafter stated that having considered additional evidence and arguments, there was no reason to change its decision to waive jurisdiction. No mention was made of the jail incidents in this second determination.

Therefore, we do not know whether the trial court actually disregarded these incidents in affirming its original determination.

5. Children's Rule 17(b).

6. In *P.H. v. State,* 504 P.2d 837, 842 (Alaska 1972), a case involving the use of hearsay in light of the protections of the confrontation clause, we held that a waiver hearing in children's court is a critical stage of a criminal proceeding, and that a minor is entitled to various constitutional procedural protections, including the confrontation right.

In *Donlun v. State,* 550 P.2d 369 (Alaska 1976), we disapproved of a sentencing proceeding which "in essence accused [the defendant] of perpetrating unspecified crimes and sentenced him, at least partially, on the basis of these assumptions." *Id.* at 371. In *Hixon v. State,* 508 P.2d 526, 527, n.1 (Alaska 1973), we held that a sentencing court may use "verified information concerning additional crimes where the defendant is informed of the information and given an opportunity to explain or admit it." However, in the instant case, appellant was not given a chance to explain, deny, or admit the incidents.

■ The test to be applied is not whether, absent the erroneous material, there is enough evidence to support the trial court's decision, but, rather, the question is the impact of the error on the court's determination. *Love v. State,* 457 P.2d 622, 630–31 (Alaska 1969). As we are unable to make this determination, we remand with instructions that the trial court disregard these reports and make a new determination of whether, absent these reports, a waiver is appropriate in this case. A new hearing, however, is not necessary.

AFFIRMED IN PART, REMANDED IN PART.

MATHEWS, J., not participating.