Merle H. DAVIS, Appellant,

v.

Ronald HALLETT and Donna A. Hallett, Appellees.

No. 5263.

Supreme Court of Alaska.

June 26, 1981.

Jerry E. Melcher, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, William P. Fite, Betts, Patterson & Mines, Seattle, Wash., for appellant.

A. Lee Petersen, Anchorage, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.*

## OPINION

BURKE, Justice.

Ronald and Donna Hallett sued Merle Davis, in a dispute over title to real property. The Halletts prevailed, and were awarded $11,519.15 for their attorney's fees. The award was made by Superior Court Judge Victor Carlson, pursuant to Rule 82(a)(2), Alaska Rules of Civil procedure.[1]

---

* Dimond, Senior Justice, sitting by assignment made pursuant to Article IV, section 16 of the Constitution of Alaska.

1. Civil Rule 82(a)(1) sets forth a presumptive schedule of attorney's fees based on the amount of recovery involved. Rule 82(a)(2), which Judge Carlson applied in the instant case, provides:

In *Davis v. Hallett*, 587 P.2d 1170 (Alaska 1978), we reversed, stating:

> It is well-settled in the decisions of this court that the purpose of Rule 82 is to compensate a prevailing party only *partially* for attorney fees justifiably incurred. *See, e. g., Malvo v. J. C. Penney Company, Inc.*, 512 P.2d 575, 587 (Alaska 1973). In the absence of a bad faith defense or vexatious conduct by the losing party in the litigation, we have held it to be "manifestly unreasonable" to award a *full* attorney fee to the prevailing party. *Id.* at 587. The court below made no finding of bad faith by appellant Davis, the Halletts have not alleged such bad faith, and none clearly appears in the record on appeal. *We thus reverse the award of full attorney fees, and remand with the instruction that the superior court enter an order for a partially compensatory attorney fee in an amount to be determined by the superior court.*

*Id.* at 1171–72 (emphasis in last sentence added).

Upon receipt of our mandate, Judge Carlson ordered the award of attorney's fees reduced by $11,519.15 to $11,500.00, a total reduction of less than 0.2%. Understandably, Davis filed a second notice of appeal.

■ Judge Carlson's amended judgment, awarding what still amounts to full attorney's fees, violated both the letter and spirit of our prior decision. The record offers no explanation for this apparent flouting of our mandate,[2] but whatever Judge Carlson's reasons might have been, he had no authority to do what he did. "[U]pon remand of a case by this court it becomes the *duty* of the lower court to obey the mandate and render judgment in conformity." *State v. Salinas*, 362 P.2d 298, 301 (Alaska 1961) (emphasis added, footnote omitted).[3] Since this was not done, we must again reverse the trial court's award of attorney's fees.[4]

■ Davis has asked that we make the fee determination in this case, because of Judge Carlson's "continuing predisposition to award full attorney's fees." He also requests that the fee award be made according to the schedule contained in Civil Rule 82(a)(1). *See* note 1, *supra*. We see no reason to grant either request.

In making his original award Judge Carlson ruled that the case was not an appropriate one for application of Civil Rule 82(a)(1), and Davis has not shown that this ruling amounted to an abuse of discretion. As to whether this court should make the award, rather than Judge Carlson, we believe that Judge Carlson can and should conform his judgment to the requirements of our prior mandate. Until satisfied that he is incapable of doing so, we will not relieve him of that responsibility, by making the award for him.[5]

REVERSED and REMANDED.

---

> In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

2.  It is difficult to avoid the conclusion that Judge Carlson was simply unhappy with our decision and chose to ignore it.

3.  This principle was called to Judge Carlson's attention on a prior occasion, in *State v. Kaatz*, 572 P.2d 775, 778–79 (Alaska 1977).

4.  The Halletts argue that the second fee award should stand because Davis acted in bad faith in prosecuting his original appeal. We find no merit to this contention.

5.  Judge Carlson is reminded that it is contemptuous for a judge to disobey a lawful judgment, order or process of a higher court. *State v. Giles*, 576 P.2d 876, 881 (Utah 1978). AS 09.-50.010 specifically provides:

> *Acts or omissions constituting contempt.* The following acts or omissions in respect to a court of justice or court proceedings are contempts of the authority of the court: . . .
> (12) disobedience by an inferior court, judge, magistrate, referee, master or officer of the lawful judgment, order, or process of a higher court.