Melody PRESTON, Petitioner,

v.

STATE of Alaska, Respondent.

No. 5844.

Supreme Court of Alaska.

Oct. 9, 1981.

Jane F. Kauvar, Asst. Public Defender, Fairbanks, and Brian Shortell, Public Defender, Anchorage, for petitioner.

Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for respondent.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.*

OPINION

DIMOND, Senior Justice.

Melody Preston was convicted of burglary in a dwelling, and was sentenced to eight years' imprisonment with three years suspended. On appeal, this court held that the five years' imprisonment she would be obliged to serve under the superior court's sentence was not warranted.

> In our opinion, Preston should not be sentenced to imprisonment for more than three years, followed by a period of five years' probation.[1]

The case was remanded to the superior court "for resentencing consistent with this opinion,"[2] with a mandate to resentence Preston in conformity with our opinion.

The sentencing judge disregarded our mandate. He resentenced Preston to four and one-half years' imprisonment and three and one-half years of probation. This action took place on November 19, 1980. Preston did not take a sentence appeal within the thirty-day time period required by Appellate Rule 215(b). Instead, in March, 1981, she filed with this court a petition for a writ of mandamus, which we shall treat as an original application for relief pursuant to Appellate Rule 405.[3] Preston asks for an order directing the superior court to follow the sentencing instructions set forth in the opinion in this case.[4]

■ The state contends that, because the decision did not expressly state that the sentencing judge was "clearly mistaken," the sentencing judge properly interpreted the *Preston* instructions as an advisory opinion. The standard of review in sentence appeals requires a finding that the sentencing judge was clearly mistaken.[5] However, the clear import of this court's decision in *Preston* was that Preston's eight-year sentence should be no more than three years' imprisonment and five years' probation. The judge had sentenced Preston to serve five years in prison and three years' probation. It is difficult to see how he could have avoided the conclusion that he was found "clearly mistaken."

In fact, it appears from the transcript of the sentencing hearing that the judge recognized that "the fair import" of this court's decision was that he was "clearly erroneous." His refusal to carry out the sentencing as directed was based simply upon the belief that his own judgment was correct, not upon any ambiguity in the standard of review applied by this court.

The state contends that the sentencing judge was justified in ignoring the mandate because he believed that the original opinion overlooked facts pertinent to Preston's

---

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. *Preston v. State*, 615 P.2d 594, 604 (Alaska 1980).

2. *Id.* at 605.

3. Appellate Rule 405 states in part:
   (a) Relief Available. Relief in the nature of writs of review, mandamus, prohibition, certiorari, or other writs, shall be sought by petition for review under Rule 402 or original application under Rule 404, as may be appropriate.

Because a petition for review, which is interlocutory in character, would not be appropriate, we shall regard Preston's petition as an original application for relief. *Cf.* Civil Rule 91(b), which provides:
   The writ of mandamus is abolished. Relief heretofore available by mandamus as prescribed by statutes may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules.

4. Notes 1 and 2, *supra.*

5. *See Fields v. State*, 629 P.2d 46, 53 (Alaska 1981); *McClain v. State*, 519 P.2d 811, 813-14 (Alaska 1974).

sentencing. In reviewing the record of the resentencing procedure, however, we do not find that the judge took any new or additional facts into account. The resentence merely restated and amplified some of the reasons for the initial sentence.

Despite the excuses proffered by the state, it is apparent that the judge was simply dissatisfied with the decision and chose to ignore it. His opposition to the opinion was made clear in the resentencing proceeding on November 6, 1980:

> I have absolutely no intention in the world of changing that sentence.... You want another judge to sentence it, you get another judge.... I'm not going to change the sentence.

■ In imposing a sentence contrary to that ordered by this court, the judge acted beyond the scope of his authority. Alaska case law has consistently held that "upon remand of the case by this court it becomes the duty of the lower court to obey the mandate and render judgment in conformity." *State v. Salinas*, 362 P.2d 298, 301 (Alaska 1961). *Vetter v. Wagner*, 576 P.2d 979, 981 (Alaska 1978); *State v. Kaatz*, 572 P.2d 775, 775–76 (Alaska 1977); *Cleary v. State*, 564 P.2d 374, 377 (Alaska 1977).[6]

The state also opposes Preston's application for relief on procedural grounds. The state first contends that because Preston is free on parole the case has become moot.

■ The primary issue before us is the superior court's contravention of the resentencing order. Preston's parole does not alter the fact that she has been given a sentence in excess of that directed by this court. As long as the sentence remains outstanding, the threat of excessive imprisonment persists. If for any reason Preston is held to be in violation of parole, the excessive sentence could be reinstated. Thus, the fact that Preston has been paroled does not render this case moot.[7]

Under Appellate Rule 404(a)(2), applications for original relief "shall be directed to the appellate court which would have jurisdiction over an appeal from the final judgment of the trial court in that action or proceeding." The court of appeals has immediate appellate jurisdiction over the superior court in criminal matters, and has authority under AS 22.07.020(a) and (f) to hear and decide sentence appeals and to issue "writs and all other process necessary for the complete exercise of its jurisdiction."[8] The state therefore argues that Preston's original application for relief in the nature of a petition for writ of mandamus can only have been brought before the court of appeals, and not to the supreme court.

■ This argument is without merit. This court's mandate, issued August 18, 1980, dealt with a criminal matter that had been appealed to the supreme court prior to the creation of the court of appeals. What is most important here is that the sentencing judge failed to comply with an order of the supreme court, not an order of the court of appeals. The supreme court has jurisdic-

---

6. It is contemptuous for a judge to disobey a lawful judgment, order or process of a higher court. *Davis v. Hallett*, 630 P.2d 1, 2, n.5 (Alaska, 1981). AS 09.50.010 specifically provides that "disobedience by an inferior court, judge, magistrate, referee, master or officer of the lawful judgment, order or process of a higher court" constitutes contempt of "the authority of the court."

7. Furthermore, this court has previously held that the legislative policy behind sentence appeals comes within the public interest exception to the mootness doctrine. *Galaktionoff v. State*, 486 P.2d 919, 921 n.3 (Alaska 1971). "The 1969 sentence appeal legislation manifests the legislature's concern with deficient sentencing practices throughout Alaska's entire court system and with the necessity of developing appropriate sentencing criteria." *Id., citing State v. Chaney*, 477 P.2d 441, 443 (Alaska 1970). Our ability to carry out the express will of the legislature, which has authorized supreme court review of criminal sentences, is seriously undermined when our sentencing mandates are simply disregarded by the trial courts. With so much at stake, this case can hardly be considered moot.

8. The Alaska Court of Appeals came into existence by legislative act in March, 1980 (ch. 12, SLA 1980), and commenced operation on September 18, 1980. Supreme Court Order No. 430, dated September 18, 1980.

tion to enforce its own mandate.[9] As stated in *United States v. United States District Court*, 334 U.S. 258, 264, 68 S.Ct. 1035, 1038, 92 L.Ed. 1351, 1355 (1948), "A high function of mandamus [is] to keep a lower tribunal from interposing unauthorized obstructions to enforcement of a judgment of a higher court. That function may be as important in protecting a past exercise of jurisdiction as in safeguarding a present or future one."

The state contends that Appellate Rule 404 requires Preston to first exhaust other procedures for appellate review, such as filing a petition for review of the judge's resentencing on remand, or by taking an appeal from that action[10] before seeking review by way of original application.

■ A petition for review is a procedure for seeking review from an appellate court where the matter sought to be heard is not a final judgment.[11] The trial judge's action in resentencing Preston was a final judgment because it disposed of Preston's case in its entirety, leaving no further action for him. A petition for review, therefore, would not be the proper procedure to seek relief from an appellate court.

9. AS 22.05.010(e) provides:
   The supreme court may issue injunctions, writs and all other process necessary to the complete exercise of its jurisdiction.

10. Appellate Rule 404(a)(1) provides:
   An original application for relief may be filed with the appellate court or a judge or justice thereof in any matter within its jurisdiction, whenever relief is not available from any other court and cannot be obtained through the process of appeal or petition for review. Grant of the application is not a matter of right but of sound discretion sparingly exercised.
   Appellate Rule 404(b)(1) provides:
   There must be filed with the clerk of the appellate courts an original and five legible copies of the application, together with such portion of the record and proceedings of the court below as is needed for the purpose of determining whether the relief sought will be granted. The application must state the precise nature of the relief sought, and why that relief is not available in any other court, or by petition for review or by appeal.

11. Appellate Rule 402(a) provides in part:

The other general method of obtaining judicial review is by an appeal from a final judgment. Appellate Rule 202.[12] Appellate Rule 215 specifically provides for sentence appeals, and this procedure is one which Preston might have utilized had her appeal been timely. However, subdivision (b) of that rule requires a sentence appeal to be taken "not later than 30 days after sentence was imposed."[13] In this case, the resentencing following our original decision took place on November 19, 1980. There was no appeal taken within thirty days, or thereafter. Instead, Preston chose to have the resentencing reviewed as an original application for relief (referred to as a petition for writ of mandamus) filed March 11, 1981, approximately four months following the resentencing.

■ Despite the method Preston has selected to obtain relief from this court, and our discussion of the subject of mandamus, we shall treat Preston's application as a belated appeal rather than as an original application for relief (mandamus) by invoking our discretionary authority under Appellate Rule 521 to relax or dispense with the thirty-day requirement. We do this because a strict adherence to that requirement would work injustice in this case.

(1) An aggrieved party, including the State of Alaska, may petition the appellate court as provided in Rule 403 to review any order or decision of the trial court, not appealable under Rule 202, in any action or proceeding, civil or criminal.

12. Appellate Rule 202 provides in part:
   (a) An appeal may be taken to the supreme court from a *final judgment* entered by the superior court, in the circumstances specified in AS 22.05.010. [Emphasis added.]
   (b) An appeal may be taken to the court of appeals from a *final judgment* entered by the superior court or the district court, in the circumstances specified in AS 22.07.020. [Emphasis added.]

13. Appellate Rule 215(b) provides in part:
   Written notice of appeal from a sentence by the state, or by a defendant appealing solely on the ground that the sentence is excessive, shall be filed with the clerk of the court which imposed the sentence not later than 30 days after sentence was imposed.

The injustice is the action of the superior court in imposing a heavier sentence on Preston than that which we called for in our opinion in *Preston*, 615 P.2d at 604–05.

The resentencing order of the superior court is reversed. That court is expressly directed to resentence Preston in accordance with the opinion and mandate previously rendered by this court.[14]

REVERSED and REMANDED.

COMPTON, J., not participating.

---

14. In the interest of expedition, an order directing the superior court to resentence the petitioner was issued prior to the publication of this opinion.