CHRISTIANSON CONSTRUCTION COMPANY, INC., and Hartford Accident and Indemnity Company, Appellants,

v.

ISAACSON STRUCTURAL STEEL COMPANY, A DIVISION OF ISAACSON CORPORATION, and State of Alaska, for the use benefit of Isaacson Structural Steel Company, a Division of Isaacson Corporation, Appellees.

No. 5771.

Supreme Court of Alaska.

July 30, 1982.

---

Dale Martin, R. R. DeYoung, Barney J. Chisolm, Barokas & Martin, Hugh G. Wade, Anchorage, for appellants.

Robert J. Dickson and Phyllis C. Johnson, Atkinson, Conway, Bell & Gagnon, Anchorage, for appellees.

Before BURKE, C. J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

This is the second time that this matter is before us. Isaacson instituted an action in the superior court against Christianson to recover the contract price for steel that Isaacson had fabricated and supplied to Christianson. Christianson counterclaimed for damages it allegedly sustained due to Isaacson's late delivery of the steel.[1] The superior court found that Isaacson was entitled to recover $274,827.68, plus interest. This amount was offset by Christianson's recovery of $201,668.60, plus costs and attorney's fees, from Isaacson for damages due to late delivery.[2] The matter was then appealed to this court where the superior court's judgment was affirmed in part, reversed in part, and remanded for further proceedings. *Armco Steel Corp. v. Isaacson Structural Steel Co.*, 611 P.2d 507 (Alaska 1980).

One of the issues in the first appeal concerned whether a force majeure clause was part of the contract between Isaacson and Christianson.[3] A majority of the court concluded that Isaacson's force majeure clause became a part of the contract between Isaacson and Christianson. In regard to this holding the court went on to state that this ruling affected the damages recoverable by Christianson on its counterclaim for the following reasons:

> First, this clause specifically lists strikes as excuses for performance. Therefore, to the extent that Isaacson's delivery was delayed due to the strike at its plant, the failure to perform is excused. Second, the clause does not list late delivery from a supplier as one of the events whose occurrence would exempt Isaacson from liability for failure to perform. The late delivery from Armco, however, could still excuse Isaacson's failure to perform, if late delivery by Armco constitutes a cause "beyond the reasonable control of the seller," so as to come within the catchhall provision of the force majeure clause.[4]

Of particular significance to this appeal is this court's determination in the first appeal where we found

> it necessary to remand the case for a determination of whether Armco's late delivery to Isaacson was beyond Isaacson's reasonable control....

---

1. Isaacson filed a third-party claim against Armco Steel Corporation, Isaacson's supplier of steel, asserting that Armco was responsible for any delays in delivery of the steel to Christianson.

2. The net judgment in Isaacson's favor was $33,835.45. The superior court further found that Isaacson was entitled to recover $183,668.60, plus interest, from Armco for delay damages, in addition to the costs and attorney's fees recovered by both Isaacson and Christianson, for a total judgment against Armco of $303,347.93.

3. The force majeure clause provided:

> The Seller shall not be liable for failure to perform this contract in whole or in part if such failure is due to strikes, work stoppages or slowdowns, differences with workmen, local labor shortages, accidents, fire, storms, flood, riots, war, failure of equipment, delays in transportation, shortages in cars, shortages of fuel, power or materials, laws, regulations or requirements of any government or government agency, acts of God, or other contingencies beyond the control of the Seller.

*Armco Steel Corp. v. Isaacson Structural Steel Co.*, 611 P.2d 507, 515 n.18 (Alaska 1980).

4. *Id.* at 519 (footnote omitted).

On the record before us, we are unable to determine exactly what conclusion the trial court reached regarding the cause of Isaacson's delay. *On remand the court should prepare detailed findings of fact, based on the existing record, regarding the cause or causes of Isaacson's delay, so that damages may be imposed in accordance with this decision.*[5]

Subsequent to remand, the superior court signed proposed findings which were submitted by Isaacson. The findings in full read as follows:

ISAACSON's inability to deliver the steel to Cantwell, Alaska in time for CHRISTIANSON's winter 1973–74 construction and summer 1974 construction schedules was due to the delay by ARMCO in shipping the necessary steel to ISAACSON and the subsequent labor strike at ISAACSON's plant, both of which were beyond the reasonable control of ISAACSON.

Christianson's first specification of error in the instant appeal is that the superior court failed to comply with the mandate of this court in *Armco Steel Corp. v. Isaacson Structural Steel Co.*, 611 P.2d 507 (Alaska 1980). We agree. The superior court's one sentence finding is not in accord with our previous mandate in this case.[6] We therefore conclude that the matter must be remanded to the superior court for detailed findings in conformity with our initial mandate.[7]

The matter is REMANDED for further proceedings in accordance with the foregoing.

---

**5.** *Id.* at 519–20 (footnote omitted) (emphasis furnished). In the footnote accompanying this portion of the text, it was stated:

The trial court did not render written findings of fact. A tentative decision was read into the transcript prior to the closing arguments, and the final decision was read into the transcript after closing arguments. It is, therefore, difficult to understand precisely what the court's conclusions were as to the questions of causation. At one point the court indicates that Armco's late delivery led to Isaacson's delay in delivery to Christianson. Transcript 2558–59. The court also indicates that the strike was irrelevant. *Id.* These findings by the court are contradicted by the court's statement that even timely delivery by Armco would not have permitted Isaacson to ship in time to permit the winter

erection. *Id.* at 2736. On the one hand, the court suggests that Armco's late delivery was the sole cause of Isaacson's failure to perform, while on the other hand, it indicates that even timely delivery by Armco would not have permitted timely performance by Isaacson. Because of this ambiguity, it is unclear to us precisely what caused Isaacson's delay.

*Id.* at 519 n.34.

**6.** Regarding the obligation of a trial court to comply with this court's mandates, see *Preston v. State*, 634 P.2d 550, 552 (Alaska 1981); *Davis v. Hallett*, 630 P.2d 1, 2 (Alaska 1981).

**7.** Implicit in our disposition is the rejection of appellees' arguments based on waiver and Civil Rule 78.