**Charles A. NATTRASS, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. 2869.**

Supreme Court of Alaska.

Sept. 6, 1976.

G. R. Eschbacher of Fyfe & Eschbacher, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

1. AS 11.20.100 establishes the elements of and punishment for the crime of burglary not in a dwelling house. This statute reads in part as follows:

A person who breaks and enters a building . . . or part of it . . . in which property is kept, with intent to steal or commit a felony in it, is guilty of burglary, and upon conviction is punishable by imprisonment in the penitentiary for not less than two nor more than five years.

2. At the time sentence was imposed Nattrass had already spent 30 days in confinement as a result of this felony charge. At sentencing the superior court clearly indicated that Nattrass was to receive credit for the 30 days he had spent in jail toward the 6 months he was to serve under the superior court's judgment.

OPINION

RABINOWITZ, Justice.

Appellant Charles Nattrass entered a plea of guilty to an indictment in which he was charged with the offense of burglary not in a dwelling.[1] He was then sentenced by the superior court to a term of 3 years' imprisonment. The judgment further provided that all but 6 months of the 3-year period of incarceration be suspended and, further, that Nattrass was to be placed on probation throughout this period of suspension.[2] Nattrass appeals from the sentence imposed by the superior court.

In his brief before this court Nattrass concedes that he is not contesting the fact that a sentence calling for imprisonment is warranted, and makes the further concession that, although he considers the 6-month period of incarceration lengthy, that period of incarceration was neither excessive nor clearly erroneous. The gist of Nattrass's complaint is that the superior court's sentence was "excessive" as a matter of law due to the fact that the superior court failed to impose a suspended imposition of sentence on condition that he serve 6 months and complete two and one-half years on probation. More particularly, Nattrass asserts that the sentence is excessive because the superior court used the vehicle of a felony conviction rather than a suspended imposition of sentence as the appropriate sanction in the case at bar.[3]

3. AS 12.55.085(a) provides:

If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

Nattrass urges that AS 12.55.085(a) need not be read to forbid imprisonment. Thus, he concludes that one of the terms of conditions that the sentencing court could require of Nattrass is the serving of a 6-month term

At the threshold we must answer the state's contention that this court lacks jurisdiction to decide the issues presented in this appeal. The first point in the state's theory is that AS 12.55.120(a) provides that "[a] sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding one year may be appealed to the supreme court by the defendant on the ground that the sentence is excessive. . . ." Since Nattrass is to serve only 6 months imprisonment under the superior court's sentence, the state concludes that Nattrass ". . . has not been given a 'sentence of imprisonment . . . for a term or for aggregate terms exceeding one year. . . .'"

Our recent decision in *Andrews v. State,* 552 P.2d 150 at 152 (Alaska, 1976) is persuasive in the disposition of the state's jurisdictional argument. There Andrews was convicted of the crime of embezzlement and sentenced to serve a term of 10 years' imprisonment with 5 years suspended. In regard to the parties' arguments concerning the purported excessiveness of the sentence in *Andrews,* we said:

> Regardless of whether the sentence is deemed a maximum sentence for purposes of carrying out our appellate review, we are obligated to consider the entire sentence which the superior court imposed. That is, in determining whether a given sentence is excessive or overly lenient, we will consider the total sentence entered including any period of suspension or deferred imposition.

In light of the foregoing, we conclude that this court has jurisdiction under AS 12.55.120(a) to determine whether the superior court's sentence to Nattrass of 3 years' imprisonment with all but 6 months

suspended upon conditions of probation is excessive.[4]

Turning to the merits of the instant sentence appeal, we conclude that Nattrass has waived the right to advance the contention that the sentence imposed is excessive because of the superior court's failure to grant a suspension of imposition of sentence. Study of the record shows that neither Nattrass nor his trial counsel argued to the sentencing court that a suspended imposition of sentence was an appropriate sanction. Thus, we hold that Nattrass has waived this ground as a basis for his sentence appeal.[5]

We further note that whether or not a sentencing court should impose a suspended imposition of sentence in a given case is, by AS 12.55.085(a), left to the discretion of the sentencing court. Assuming *arguendo* that this point had not been waived, we would hold that the superior court did not abuse its discretion in failing to impose a suspended imposition of sentence. Admittedly, Nattrass was only 20 years old at the time sentence was imposed; nevertheless, in light of his recent history of property crimes, we cannot say, under the criteria of *State v. Chaney,* 477 P.2d 441 (Alaska 1970), and its progeny, that the sentencing court was "clearly mistaken."

The conclusion is not to be taken that we are insensitive to the real disabilities which flow from a felony conviction on one's record. Generally we are in agreement with Nattrass's position that in the circumstances of youthful first offenders, who have committed nonviolent crimes, serious consideration should be given by Alaska'a trial courts to the sentencing alternative offered by AS 12.55.085(a).[6]

---

of imprisonment, with two and one-half years on probation.

4. Our conclusion that *Andrews* is significant to the disposition of the jurisdictional issue makes unnecessary comment on any of the other arguments the state has advanced in support of its jurisdictional thesis. *Compare*

*State v. Gibson,* 543 P.2d 406, 409 (Alaska 1975).

5. *Cf. Noble v. State,* 552 P.2d 142, at 148 (Alaska, 1976).

6. Crucial to Nattrass's argument regarding AS 12.55.085(a) and (e) is the fact that if he successfully fulfills the terms and conditions

One other facet of this sentence appeal requires comment. A reading of the sentencing transcript indicates that near the conclusion of the sentencing proceeding and immediately before the court imposed sentence upon Nattrass, the following transpired. The court thanked Mr. Nattrass's counsel for his sentencing argument. The transcript, at this point, then reads:

> THE COURT: Mr. Nattrass, do you have anything to say? (Pause) Again, it becomes very difficult to sentence a 20-year old but I disagree, there is a pattern . . . .

Criminal Rule 32(a) provides in part: "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." In *Green v. United States,* 365 U.S. 301, 304–05, 81 S.Ct. 653, 655, 5 L. Ed.2d 670, 673–74 (1961), the Supreme Court of the United States discussed the accused's common law right of allocution. There the court observed that "[n]one of these modern innovations lessens the need for the defendant, personally, to have the opportunity to present to the court his plea in mitigation. The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." [7] Since the Supreme Court was faced with an ambiguous record in *Green,* it cautioned federal trial judges that

> . . . before sentencing [they] should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter

trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.[8]

 We consider this an appropriate occasion to remind the trial courts of Alaska of the importance of the defendant's right of allocution.[9] In order to ensure that this right is implemented, the sentencing court must comply with the requirements of Criminal Rule 32(a) and unequivocally bring home to the defendant that he has the right to make a statement in his own behalf and to present any information in mitigation of punishment.

Affirmed.

---

of any period of suspension the possibility then exists of persuading the sentencing court to expunge the record of conviction. In this regard AS 12.55.085(e) provides:

> Upon discharge by the court without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect.

7. 365 U.S. at 304, 81 S.Ct. at 655, 5 L.Ed.2d at 673. The Supreme Court also looked to the text of Rule 32(a), Federal Rules of Criminal Procedure, which parallels Alaska's

Criminal Rule 32(a), to buttress its conclusion as to the importance of the right of allocution.

8. *Id.* at 305, 81 S.Ct. at 655, 5 L.Ed.2d at 674.

9. In this appeal Nattrass does not assert that he has been denied the right of allocution. On the other hand, we consider our admonition apposite in light of what we consider to be minimal compliance with Criminal Rule 32(a) by the sentencing court in the case at bar.