**Joseph Wayne CAPWELL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3283.**

Supreme Court of Alaska.

Sept. 2, 1977.

OPINION

PER CURIAM.

Joseph Capwell has appealed from a sentence of five years imprisonment upon his conviction after a plea of guilty to an indictment charging him with the offense of assault with intent to commit rape. Little would be accomplished by detailing the nature of the offense or Mr. Capwell's prior relationship with the twelve-year-old victim. In sentencing Mr. Capwell, the court recommended psychiatric treatment.

While the judge did not discuss all of the sentencing goals set forth in *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970), he did minimally state reasons for imposing the sentence, including the use of a knife, the relationship with the victim, and the need for maintaining societal norms. The court further indicated an interest in the rehabilitation of the defendant by recommending psychiatric treatment.

To facilitate our task on review, we urge trial courts to articulate their rationale for imposing particular sentences and their assessment of the *Chaney* criteria more fully than was done in this case. However, in view of the nature of the offense involved and the defendant's admissions as to past abuses of the victim, we cannot say that the court was clearly mistaken in imposing a five-year sentence.

Counsel has also raised an issue similar to that discussed in *Nattrass v. State*, 554 P.2d 399 (Alaska 1976), contending that the defendant was not afforded an adequate right of allocution as provided by Criminal Rule 32(a).[1] The facts in this case are quite similar to those in *Nattrass* in which we found a minimal compliance with the rule but strongly recommended that trial judges:

> unequivocally bring home to the defendant that he has the right to make a statement in his own behalf and to present any information in mitigation of his punishment.[2]

Chris J. Rigos, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

1. Criminal Rule 32(a) provides in part:

(a) *Sentence.* . . . Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment. . . .

2. 554 P.2d at 402.

Here, after hearing argument of counsel, the judge stated:

Do you want to stand, please Mr. Capwell. Do you have anything you want to say before I impose sentence?

We note that the sentencing hearing took place on September 2, 1976, four days prior to issuance of the *Nattrass* opinion. Under these circumstances, we conclude that there was a minimal compliance with the requirements of the rule, although in the future, we shall expect trial courts to follow more explicitly our recommendations in *Nattrass*.

AFFIRMED.