Ronald Lee PARKS, Appellant,

v.

STATE of Alaska, Appellee.

No. 3209.

Supreme Court of Alaska.

Dec. 2, 1977.

Barbara J. Miracle, Asst. Public Defender, Robert Adelman, Anchorage, of counsel and Brian Shortell, Public Defender, Anchorage, for appellant.

Monica Jenicek, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

RABINOWITZ, Justice.

Appellant Ronald Lee Parks entered a guilty plea to the crime of robbery.[1] After an extensive and thorough sentencing hearing, the superior court imposed a sentence of seven years' imprisonment with two years suspended upon certain conditions of probation. Thereafter, Parks moved, pursuant to Criminal Rule 35(a), to modify his

---

1. AS 11.15.240 provides: "A person who, by force or violence, or by putting into fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year."

sentence.[2] After hearing, the superior court denied the modification motion and this appeal followed.

Parks has advanced four specifications of error. First, he asserts that because the presentence report included "accusations of unverified police contacts" his right to a fair sentencing proceeding was impaired. Next, appellant contends that he is entitled to be resentenced because the superior court failed to adequately articulate its reasons for imposing the sentence in question. Third, Parks argues that information irrelevant to the criteria articulated in *State v. Chaney*, 477 P.2d 441 (Alaska 1970), was employed by the superior court in denying his Rule 35(a) motion to modify sentence. Last, he contends that the superior court was clearly mistaken in its "failure to sentence . . . [appellant] to a therapeutic community."[3]

Our review of each of appellant's specifications of error leads us to conclude that the sentencing proceedings were fair and that the superior court did not abuse its discretion in denying Parks' motion to modify the original sentence.

■ The presentence report does contain a reference to unverified police contacts.[4]

This aspect of the presentence report was brought to the superior court's attention by counsel for appellant, who objected to the court's reading this portion of the report and further objected to the sentencing court's according any weight to the statement. In response to counsel for appellant's position, the superior court advised that it would give no consideration to the disputed text in arriving at a sentence in the matter. Thus, under *Thurlkill v. State*, 551 P.2d 541 (Alaska 1976),[5] we hold that in the circumstances of this case the inclusion of an improper reference to unverified police contacts does not require a remand for resentencing before a different judge.[6] From our review of the sentencing proceedings we have concluded that the superior court was not unduly or improperly influenced by the reference to unverified police contacts. What the record does reveal is a thoughtful and patient approach on the part of the superior court in its efforts to reach an appropriate sentence.

■ *Perrin v. State*, 543 P.2d 413, 417–18 (Alaska 1975), stressed the necessity of a thorough explanation by the sentencing

**2.** Criminal Rule 35(a) reads:
The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief.

**3.** Appellate Rule 21(b) provides:
Written notice of appeal from a sentence of the superior court by the state, or by a defendant appealing solely on the ground that the sentence is excessive, shall be filed with the clerk of the superior court which imposed the sentence not later than 30 days after sentence was imposed. The notice of appeal need only state that the sentence which is being appealed is too lenient or excessive. Although we think there is considerable merit in the state's position that appellant's first two specifications should have been raised by sentence appeal within 30 days of the superior court's imposition of sentence, we have decided to consider these specifications of error. Cognizant of potential tension between the varying

time constraints of Appellate Rule 21(b) and Criminal Rule 35(a), we have concluded that the factual context of this record offers an appropriate occasion for relaxing, pursuant to Appellate Rule 46, the 30 day period for bringing a sentence appeal. *Cf. Wheeles v. State*, 566 P.2d 1013 (Alaska 1977) (ordering relaxation of the 60-day time limits in Criminal Rule 35(a) pursuant to Criminal Rule 53).

**4.** The questioned text reads: "Investigator Hopper indicates that an investigation of approximately 25 robberies of the same M.O. (mode of operation) involved the defendant."

**5.** *See also Sandvik v. State*, 564 P.2d 20, 24 (Alaska 1977).

**6.** We reiterate our previous disapprovals of the use of unexplained police "contacts" or arrest records. *See Thurlkill v. State*, 551 P.2d 541, 544 (Alaska 1976); *Mattern v. State*, 500 P.2d 228, 234–35 (Alaska 1972); *Griggs v. State*, 494 P.2d 795, 798 (Alaska 1972); *Robinson v. State*, 484 P.2d 686, 690 n. 11 (Alaska 1971); *Waters v. State*, 483 P.2d 199, 202–03 (Alaska 1971). *See also* Criminal Rule 32(c)(2).

court of the sentence it imposed.[7] Study of the entire record of the sentencing proceedings in the case at bar demonstrates that the superior court adequately explained the reasons for imposing the particular sentence. Thus, we find no merit in Parks' second specification of error.

■ We have also concluded that Parks' assertion of the superior court's reliance on improper criteria in denying his motion for modification is devoid of merit. Parks contends that the sentencing court considered and followed the "will of the majority"[8] in ruling that the sentence should not be modified. In Parks' view, neither the Alaska Constitution nor the sentencing goals articulated in *State v. Chaney*, 477 P.2d 441 (Alaska 1970), comprehend following the will of the majority in selecting an appropriate sentence.[9] Assuming this is a correct sentencing principle, the sentencing proceedings show no use of impermissible criteria by the trial court in designing the sentence it imposed or in reaching its conclusion to deny Parks' Criminal Rule 35(a) motion for sentence modification. Appellant has focused upon one brief colloquy between the sentencing court and counsel which in our view does not reflect the superior court's generally sound application of appropriate criteria throughout extensive sentencing proceedings.

Appellant's last specification of error advances the argument that the superior court's failure to sentence him initially to a therapeutic community was error which was compounded by the trial court's subsequent failure to modify the sentence of incarceration to provide for placement in a therapeutic community.[10]

■ In *Nicholas v. State*, 477 P.2d 447, 448 (Alaska 1970), we said:

To make a reasoned sentence decision, the sentencing judge must determine the priority and relationship of these [*Chaney*] objectives in any particular case. (footnote omitted)

Here the superior court concluded that primary consideration should be given to protecting the public from Parks' criminal conduct as well as deterring Parks from continuation of such anti-social conduct after his release from incarceration. In view of Parks' criminal record[11] we do not find that the superior court was clearly mistaken in its refusal to sentence Parks to a therapeutic community. Nor did the superior court commit an abuse of discretion by refusing to grant Parks' Rule 35(a) modification motion and place appellant in a therapeutic community as a term and condition of probation.

Although we have decided that none of the specifications of error in this appeal requires modification of the superior court's sentence or its ruling on the Criminal Rule 35(a) motion, we believe it appropriate to again comment on one underlying assump-

---

7. See also *Capwell v. State*, 568 P.2d 10 (Alaska 1977); *Andrews v. State*, 552 P.2d 150, 153–54 (Alaska 1976). AS 12.55.075(a) provides, in part:

In addition to any other requirement of law relating to the imposition of sentences, at the time of imposing sentence for the conviction of a felony, the court shall prepare a sentencing report as part of the record, to include the following:

   .     .     .     .     .

(2) the reasons for selecting the particular sentence imposed;

   .     .     .     .     .

(4) a precise statement of the terms of the sentence imposed, and the purpose the sentence is intended to serve.

8. We interpret Parks' reference to the "will of the majority" as meaning "popular opinion" or "what the general public prefers."

9. Appellant further argues: "Assuming *arguendo* how 'the general public feels' does relate somehow to the criteria announced in *State v. Chaney*, it would not be a proper subject for judicial notice."

10. Parks desired to be sent to a rehabilitative community in order to deal with his drug and social problems. Extensive testimony was furnished relating to Parks' suitability for such a program.

11. At the time of sentencing, Parks was 24 years old and had been convicted of two prior felonies (burglary in a dwelling) in addition to several misdemeanors. He also had a long history of anti-social conduct while a juvenile and had a heroin problem dating back to 1974.

tion this court has consistently employed in carrying out its sentence review functions. Most recently in *Huff v. State*, 568 P.2d 1014 at 1020 (Alaska 1977), we said:

Art. I, § 12 of our constitution provides: '[p]enal administration shall be based on the principle of reformation and upon the need for protecting the public.' In the past we have assumed, and we trust correctly, that both the Division of Corrections of the Department of Health and Social Services and the Parole Board are fully aware of the need for rehabilitation—particularly where a drug addict is concerned. We have confidence that they are so aware, but to emphasize this matter [we] will state again what we said in *Waters v. State*, 483 P.2d 199, 202 (Alaska 1971):

'Given appellant's seeming inability to cope with his problem of drug addiction and his demonstrated danger to the safety of the community at large, it is imperative that necessary medical, psychiatric, and psychological treatment be made available to appellant during any period of incarceration or supervised parole.'

Affirmed.