David W. MULLINS, Appellant,

v.

STATE of Alaska, Appellee.

No. 3284.

Supreme Court of Alaska.

Jan. 27, 1978.

---

Chris J. Rigos, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

Monica Jenicek, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

This is a sentence appeal.

While employed at the J. C. Penney warehouse in Anchorage, Alaska, appellant unlawfully took and converted to his own use a refrigerator, bed, bedframe, color television set, and a mirror. Thereafter he was indicted for the offense of embezzlement by an employee of property worth more than $100.00, in violation of AS 11.20.280. He pled nolo contendere to the indictment. Upon conviction, he was sentenced to a term of three years and four months, with two years and four months suspended, the remaining year to be spent in an acceptable program of community service. When the terms of community service had been worked out, the judgment was amended so that appellant was sentenced to three years and four months, with the entire period suspended upon the condition that he enter and complete the twelve-month period of public service outlined in the sentencing proceedings. The statute under which appellant was convicted permits a possible punishment of not less than one year nor more than ten years of imprisonment.

At the time of sentencing, appellant was 22 years old. He had been working since 1972 and had spent two semesters in college. Other than minor traffic violations he had no previous criminal record.

■ The issue presented in the sentence appeal is whether the trial court was clearly mistaken in failing to order a suspended imposition of sentence, pursuant to AS 12.55.085, instead of actually imposing a sentence on appellant.

■ As we noted in *Nattrass v. State*, 554 P.2d 399, 401 (Alaska 1976), AS 12.55.085(a) reposes discretion in the trial court to suspend imposition of the sentence and place the defendant on probation.[1] Our review reveals that the trial court carefully considered this question and determined that the sentence should be imposed. We cannot say that in the light of *State v. Chaney*, 477 P.2d 441 (Alaska 1970), and the numerous cases applying it, that the sentencing court was clearly mistaken.

AFFIRMED.

---

1. In *Nattrass, supra*, at 401, we indicated that in the case of youthful first offenders who have committed nonviolent crimes, the trial court should generally give serious consideration to the sentencing alternative offered by AS 12.55.085(a). However, we are not persuaded by appellant's contention that except for the two exclusions mentioned in *Nattrass*—persons with prior records and those who have committed crimes of violence—the trial court must in all cases invoke AS 12.55.085 if the background, capabilities, and mental status of the defendant so warrant, without regard to the type of offense committed. The statute clearly provides for the exercise of discretion by the trial court in these matters.