Victor L. WHARTON, Appellant,

v.

STATE of Alaska, Appellee.

No. 3380.

Supreme Court of Alaska.

Feb. 16, 1979.

---

Vincent Vitale, Anchorage, for appellant.

John A. Scukanec, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

BOOCHEVER, Chief Justice.

In this sentence appeal, appellant Wharton challenges the superior court's imposition of sentence as being excessive.[1] Wharton entered a plea of guilty to one count of possession of cocaine, a violation of AS 17.-10.010,[2] and was sentenced to one year imprisonment with no time suspended. We hold that Wharton's sentence is excessive.

The events leading to the appellant's arrest are not in dispute. On October 8, 1976, at Bushy Bob's in Alyeska's Glennallen pipeline camp, two Alaska State Trooper investigators met an individual named Wynn[3] who stated he would sell them cocaine at $150.00 per gram. The next evening the investigators arrived at the camp to meet Wynn. After finding him, the investigators were introduced to Wharton. The investigators stated that they were still interested in buying some cocaine. When Wynn left the room to get the cocaine, Wharton continued conversing with the investigators about the cocaine to be purchased and produced a small quantity. Wynn returned to the room with two packets of cocaine and the officers paid for it with three marked one hundred dollar bills. Two backup officers then entered the room and placed Wynn and Wharton under arrest.

■ Before we consider whether Wharton's sentence is excessive, we address an issue not raised by the parties on appeal: whether this court has jurisdiction to review a sentence of one year or less.

In *Bear v. State,* 439 P.2d 432 (Alaska 1968), Alaska's then three-justice supreme court held, over a dissent by Justice Rabinowitz, that we had no jurisdiction to review criminal sentences absent statutory authorization. Justice Rabinowitz concluded that in the past, the court had reviewed sentences, and that the constitutional grant to this court of "final appellate jurisdiction," Alaska Constitution art. IV, § 2, included the power to review criminal sentences. *Id.* at 437–41. The basic point of the dissent was that "[s]entencing is a discretionary judicial function and the judiciary itself should have the power to correct abuses of discretion." *Id.* at 440 [footnote omitted].

After the *Bear* decision, the Alaska legislature in 1969 recognized jurisdiction of the court to entertain sentence appeals. AS 22.05.010(b) states:

> The supreme court has jurisdiction to hear appeals of sentences of imprisonment lawfully imposed by the superior courts on the grounds that the sentence is excessive or too lenient and, in the exercise of this jurisdiction, may modify the sentence as provided by law and by the constitution of this state. For the pur-

---

1. Wharton was arrested and sentenced with Winthrop Elliott. Elliott pled guilty to one count of sale of cocaine and was sentenced to three years imprisonment, with no portion suspended. Elliott's sentence appeal is the subject of Case No. 3379, Opinion No. 1798, also issued today.

2. AS 17.10.010 provides:
   *Acts prohibited.* It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, or compound any narcotic drug except as authorized in this chapter.

3. Wynn was Winthrop Elliott. *See* Note 1, *supra.*

pose of considering appeals of sentences on these grounds, the supreme court may sit in divisions.

It is to be noted that the sentence appeal jurisdiction was not limited in any way by this provision.

At the same time, the legislature conferred on defendants a limited a right to appeal sentences of imprisonment exceeding one year.[4] In 1976, we promulgated Appellate Rule 21(a) which provides:

At the time of imposition of *any sentence of imprisonment of 45 days or more*, the judge shall inform the defendant . . .

[t]hat the sentence may be appealed to the supreme court on the ground that it is excessive. [emphasis added]

Wharton received a sentence of one year imprisonment. If AS 12.55.120 were the only source of our authority for sentence review, Wharton would be unable to appeal because his sentence does not exceed one year. Appellant Rule 21, however, clearly permits Wharton's appeal. In promulgating Rule 21, this court accepted Justice Rabinowitz's position in *Bear* that review of criminal sentences is inherent in our power as the court of "final appellate jurisdiction," Alaska Constitution, art. IV, § 2.[5]

■ Nevertheless, our action is not in conflict with the statute. By AS 22.05.-010(b), the legislature statutorily recognized the jurisdiction of this court to hear appeals of sentences without qualification. It conferred on convicted defendants a limited right of appeal of sentences. In the exercise of this court's inherent and statutory jurisdiction to entertain appeals, we have expanded that right by means of Appellate Rule 21.

4. AS 12.55.120(a) specifies:

*Appeal of sentence.* (a) A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding one year may be appealed to the supreme court by the defendant on the ground that the sentence is excessive. By appealing a sentence under this section, the defendant waives the right to plead that by a revision of the sentence resulting from the appeal he has been twice placed in jeopardy for the same offense.

We now turn to whether Wharton's sentence of one year imprisonment was excessive.

■ At the time of the offense, Wharton was eighteen years old. He had no prior criminal record. His employment history was good. He had been in Alaska only a few months prior to this offense, working at his first full-time job since graduating from high school. Contact with authorities in Louisiana, where Wharton had previously lived, revealed Wharton's high school record. He was an average student who was not a "trouble maker" and had no serious problems. Moreover, the Louisiana probation and parole department stated that the department would be willing to supervise him if he were placed on probation.

With respect to Wharton's use of cocaine, the record indicates that it was very limited. Wharton told the author of the presentence report, T. K. Furbush, that he had used cocaine on three or four occasions. Elliott—Wynn, in the transaction that led to the arrest—told Furbush that, to his knowledge, Wharton had never sold any drugs. The state did not dispute the fact that Wharton was a relative newcomer to the drug world. At the time of his arrest, Wharton had in his possession less than two-thirds of a gram of cocaine.

Furbush's pre-sentence report concluded: Overall, the defendant was viewed as honest and cooperative.

Mr. Wharton appears to be an individual who has maintained an acceptable lifestyle until just recently; and, he may, with supervision and direction, be dissuaded from further incidents of this nature. Possibly, he may well be discouraged from the use of drugs altogether.

Both AS 22.05.010(b) and AS 12.55.120(a) were part of the same act, being §§ 1 and 4 of Ch. 117, SLA 1969.

5. Further support for our power to review sentences is derived from art. I, § 12 of the Alaska Constitution: "Penal administration shall be based on the principle of reformation and upon the need for protecting the public." Sentence review insures that sentencing courts pay due regard to the goals of reformation and protection of the public.

Furbush recommended that Wharton be granted full probation. Wharton's counsel asked for a suspended imposition of sentence pursuant to AS 12.55.085.[6] The state's attorney agreed with Wharton's attorney. Nevertheless, the sentencing court rejected a suspended imposition of sentence or full probation and imposed a sentence of one year.[7] The standard for sentence review is whether the sentencing court was "clearly mistaken."[8] We conclude that the imposition of a one-year sentence of imprisonment on Wharton was clearly mistaken.

In *Davis v. State*, 577 P.2d 690, 693 (Alaska 1978), we reiterated the four classifications of drug offenders whose crimes are in descending order of seriousness:

1. Smuggling or sale of large quantities of narcotics or possession of large quantities for sale.

2. Smuggling or sale of small quantities of narcotics, or possession of small quantities for sale.

3. Possession of narcotics without intent to sell.

4. Marijuana offenses.

Wharton fits within category three and is at the least serious end of that category. He possessed less than two-thirds of a gram of cocaine. Furthermore, although in *State v. Erickson*, 574 P.2d 1, 10–18 (Alaska 1978), we upheld the classification of cocaine as a narcotic under the provisions of AS 17.10, we specifically noted that cocaine "is not physically addictive and is generally considered less harmful than heroin . . ." *Id.* at 8. Moreover, this was Wharton's first drug offense. In conclusion, Wharton is one of the least serious offenders, if not the least serious, within category three.

Furthermore, the sentencing court incorrectly applied the sentencing objectives set forth in *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970). These objectives are:

rehabilitation of the offender into a noncriminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement, deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence of other members of the community who might possess tendencies toward criminal conduct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves.

*Id.* (footnote omitted). In sentencing Wharton, the court relied almost exclusively on the last two objectives. Our review of the record indicates a failure to give adequate consideration to the reformation of this youthful, first-time offender.

Our statement in *Nattrass v. State*, 554 P.2d 399, 401 (Alaska 1976), about youthful first-time offenders and a suspended imposition of sentence applies here:

The conclusion is not to be taken that we are insensitive to the real disabilities which flow from a felony conviction on one's record. Generally we are in agreement with Nattrass's position that in the circumstances of youthful first offenders, who have committed nonviolent crimes, serious consideration should be given by Alaska's trial courts to the sentencing alternative offered by AS 12.55.085(a). [footnote omitted]

---

**6.** AS 12.55.085 provides in part:
   *Suspending imposition of sentence.*
   (a) If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the proba-

tion officer of the court during the suspension.

**7.** In *Speas v. State*, 511 P.2d 130 (Alaska 1973), we held that the provisions of AS 12.55.085 for suspended imposition of sentence apply to violations of AS Title 17, the food and drug statutes.

**8.** *Cleary v. State*, 548 P.2d 952, 954 (Alaska 1976); *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

■ On the merits in *Nattrass*, we concluded that the sentencing court did not abuse its discretion in failing to impose a suspended imposition of sentence, even though the offender was youthful, because the offender had a history of property crimes. 554 P.2d at 401. Wharton, however, has no previous record.[9] We are persuaded that an appropriate sentence for this single count of possession of cocaine would be one that substantially parallels the recommendation made by counsel for Wharton and by counsel for the state. More particularly, we agree that Wharton should receive a suspended imposition of sentence.[10] Under the suspended imposition of sentence, the sentencing court retains control of Wharton's activities during the full term of the probation. Such a sentence, by its supervision and restrictions on Wharton's activities, will be a sufficient deterrent to Wharton himself, as well as to other like members of the community. The sentence will remain on his record as a felony unless the conviction is set aside under AS 12.55.-085(e).[11] This sentence will balance the deterrence goals against the rehabilitation goals.

This case is REMANDED for resentencing consistent with this opinion.

BURKE, J., dissents.

BURKE, Justice, dissenting.

Article IV, section 1 of the Constitution of Alaska states that "[t]he jurisdiction of courts shall be prescribed by law." As used in that section the phrase "by law" means "by the legislature." Alaska Const. art. XII, § 11. *See* Proceedings of the Alaska Constitutional Convention 582, 721–29, 732, 2820–30, 2843–51, 2854–55. Exercising the power given to it by article IV, section 1, the legislature, in 1969, enacted legislation authorizing appellate review of criminal

sentences under certain circumstances. Ch. 117, SLA 1969.

Such legislation came after our decision in *Bear v. State*, 439 P.2d 432 (Alaska 1968), wherein we held that this court "does not have jurisdiction to review and remand or to review and revise a criminal sentence for abuse of discretion." *Id.* at 435. Section 1 of the 1969 act amended AS 22.05.010 by adding a new subsection:

(b) The supreme court has jurisdiction to hear appeals of sentences of imprisonment lawfully imposed by the superior courts on the grounds that the sentence is excessive or too lenient and, in the exercise of this jurisdiction, may modify the sentence as provided by law and by the constitution of this state. For the purpose of considering appeals of sentences on these grounds, the supreme court may sit in divisions.

Section 2 amended AS 22.10.020(a) to allow, among other things, "[a]n appeal to the superior court . . . on the ground that a [district court] sentence of imprisonment of 180 days or more was excessive . . . ." Pertaining to appeals from the superior court, section 4 of the act amended AS 12.55 by adding a new section, AS 12.-55.120. Subsection (a) of AS 12.55.120 provides in part: "A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding one year may be appealed to the supreme court by the defendant upon the ground that the sentence is excessive."

To me, the language of the 1969 act clearly indicates that the legislature intended that appellate review of criminal sentences for excessiveness be available, but only where the sanction imposed exceeds certain limits, and that this court's jurisdiction to review sentences of the superior court be limited to cases involving imprison-

---

9. *Compare Weltin v. State*, 574 P.2d 816, 821 (Alaska 1978), where we held that a $500.00 fine for the crime of possession of cocaine for a first-time offender who had been carrying a gun was not excessive.

10. The court may impose appropriate conditions such as a fine.

11. AS 12.55.085(e) provides:
   Upon the discharge by the court without imposition of sentence, the court may set aside the conviction and issue to the person a certificate to that effect.

ment "for a term or for aggregate terms exceeding one year." Since Wharton's sentence is not for a term *exceeding one year*, I conclude that this court lacks jurisdiction to review it for excessiveness.

Whatever the situation might have been at the time of the decision in *Bear*, matters changed when the legislature thereafter saw fit to exercise its power under article IV, section 1. Before that time, there might have been much to recommend the view expressed by Justice Rabinowitz in his scholarly dissent in *Bear*, namely: that this court has jurisdiction to review criminal sentences under the general grant of "final appellate jurisdiction" contained in article IV, section 2. However, even if we assume that Justice Rabinowitz was correct, neither his dissent in *Bear* nor the majority opinion in this case explains to my satisfaction how it is now possible to ignore the limitation which the legislature placed on our jurisdiction when it adopted AS 12.55.120(a). If both sections 1 and 2 of article IV are to be given effect, it seems to me that section 1 must be read as empowering the legislature to place such a limitation on the general grant of appellate jurisdiction that the majority says is contained in section 2.