**Jimmie R. WILLIAMS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3901.**

Supreme Court of Alaska.

Aug. 8, 1980.

---

David C. Backstrom, Deputy Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

W. H. Hawley, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER,* BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

After trial by jury in the superior court, Jimmie Ray Williams was found guilty of grand larceny and arson.[1] He was sentenced to a five year term of imprisonment on the larceny conviction, and to a consecutive fifteen year term for the arson that he committed. This appeal followed.

### I

Williams first contends that the superior court erred in refusing to allow him to impeach the testimony of an important state's witness through the testimony of another witness.

Much of the evidence against Williams came from James Burns, a witness called by the prosecution. Williams' attorney attempted to impeach Burns by showing that he had been involved in the theft of a wrecker and a washer and dryer belonging

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. Williams was charged and convicted under the former provisions of AS 11.20.140 (grand larceny) and AS 11.20.010 (arson in the first degree). In its recent revision of the state's criminal statutes, the Alaska legislature repealed those sections, effective January 1, 1980. Ch. 166, § 21, SLA 1978. The conduct proscribed in those sections is now covered by AS 11.46.130 (theft in the second degree) and AS 11.46.400 (arson in the first degree).

to his former employer, Jack Smalley. In his cross-examination of Burns, counsel was permitted to question Burns personally about the matter,[2] but the court refused to allow him to question another witness, James Judkins, about Burns' alleged involvement in the theft of Smalley's property. According to Williams, the court's ruling was erroneous.

■ The permissible scope of direct or cross-examination of any witness is a matter committed to the sound discretion of the trial court. *Pedersen v. State*, 420 P.2d 327, 337–38 (Alaska 1966); *People v. Reynolds*, 575 P.2d 1286, 1290 (Colo.1978); *State v. Johnson*, 12 Wash.App. 548, 530 P.2d 662, 665 (1975). Careful review of the record fails to convince us that the court in this case abused its discretion in ruling as it did. Such being the case, we are unable to say that the court erred.

### II

■ Williams next contends that the court erred in refusing to grant his request for a continuance, which was made in the midst of trial. He asked for the continuance to enable his trial attorney to travel to the Fiji Islands to depose Jane Kauvar, his former attorney. According to Williams, another witness for the state, Kerry King, had given a statement to Ms. Kauvar that was inconsistent with her later testimony at trial. Thus, Williams asked to depose Ms. Kauvar in order to obtain admissible evidence of the prior inconsistent statement, to be used to impeach King's trial testimony.

Our review of the record again fails to convince us that the superior court abused its discretion in ruling as it did. Absent an abuse of discretion, it was not error to deny Williams' request for a continuance. *Salazar v. State*, 559 P.2d 66, 71 (Alaska 1976); *Burleson v. State*, 543 P.2d 1195, 1198 (Alas-

ka 1975); *Klockenbrink v. State*, 472 P.2d 958, 964 (Alaska 1970).

### III

■ Williams next contends that the court erred in refusing to order a second presentence report. He argues that he is entitled to resentencing, because a "highly inflammatory" letter, from the police officer that investigated the case, was attached to the presentence report prepared by the court's probation officer. According to Williams, the letter "contained many [derogatory] opinions and unverified statements about the defendant." *See Nukapigak v. State*, 576 P.2d 982, 983 (Alaska 1978); *Parks v. State*, 571 P.2d 1003, 1004 (Alaska 1977); *Burleson v. State*, 543 P.2d 1195, 1203 (Alaska 1975); *Hixon v. State*, 508 P.2d 526, 527 (Alaska 1973).

Williams concedes that the letter itself was never seen by the judge who sentenced him.[3] He contends, however, that since it was read by the probation officer who prepared the report, it may have affected *his* own evaluation and sentencing recommendation, which the court did consider before it imposed sentence.

Since the letter itself was not seen by the judge who sentenced Williams, we conclude that there is no reason to resentence Williams. The presentence report was otherwise proper, and the probation officer's sentencing recommendation was amply supported by other information contained in the report.

### IV

■ Williams' final contention is that the court imposed an excessive sentence. His argument, however, fails to persuade us that the court was clearly mistaken, either as to the length of the overall sentence or in requiring Williams to serve consecutive

---

2. Burns denied any involvement.

3. The letter in question was ordered removed from the presentence report by another superi-

or court judge. It was then sealed in a separate envelope.

terms.[4]  Thus, we are required to affirm the sentence.  *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

4. Williams, who had a record of three prior burglaries, stole a vehicle and burned down a lodge near Fairbanks, Alaska.  He was hired to burn the lodge by another person.  The lodge, which was uninsured at the time, was worth between $100,000 and $115,000.  When it burned, its owners lost a large part of their life savings.  Prior to executing his agreement to burn the lodge, Williams indicated that he was willing to kill, if necessary, in order to carry out the contract.  Professional criminals who commit vicious and dangerous crimes for purposes of personal monetary gain are deserving of society's severest condemnation.  The record in this case indicates that Williams fits into that category.