**Raymond DRUCK, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4572.**

Supreme Court of Alaska.

Sept. 12, 1980.

---

**16**

Jane F. Kauvar, Asst. Public Defender, Fairbanks, Brian Shortell Public Defender, Anchorage, for appellant.

Randy Olsen, Asst. Dist. Atty., Harry L. Davis, Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER*, BURKE and MATTHEWS, JJ.

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. Originally, Druck's appeal included another issue: the legality of two conditions imposed by the superior court as "conditions of proba-

## OPINION

BURKE, Justice.

Raymond Druck, appellant, pled *nolo contendere* to an indictment charging him with the crime of selling marijuana. In this appeal he challenges his sentence for that offense, claiming that it is excessive.[1]

On September 12, 1978, Druck approached two undercover police officers at a Fairbanks bar and asked them if they wanted to buy some marijuana. He showed them three plastic baggies containing marijuana, two of which he was willing to sell to them for $20 each, and the other for $60. One of the officers bought a $20 bag and asked if Druck could get them a pound. Druck said he could, for $650, and the three arranged to meet later at a nearby bar to complete the transaction.

Druck did not appear at the appointed time, but the officers found him at another bar where they renewed their overtures. Once again Druck agreed to get them a pound of marijuana, this time for $700. A second rendezvous was arranged for later that day, but again Druck failed to appear. The officers spotted him that evening, however, and Druck joined them in their car. He then indicated he could not get the pound they had wanted, and the officers agreed, instead, to buy his two remaining baggies. The sale was completed, and Druck was immediately arrested.

Druck was charged with two counts of sale of marijuana in violation of AS 17.12.-010. He pled *nolo contendere* to one count and the other count was dismissed. The superior court imposed a five year sentence of imprisonment, suspending the execution of a four year portion thereof as authorized by AS 12.55.080. During such period of suspension, Druck was ordered placed on probation.

The court further ordered that Druck be ineligible for parole while serving the one

tion." The two conditions were apparently included in the court's written judgment by mistake; on June 11, 1980, the court amended its judgment, striking those conditions. Thus, this issue is moot and need not be addressed.

year unsuspended portion of his sentence. *See* AS 33.15.230.

In arguing that his sentence is excessive, Druck points to the nature of the transaction and the fact that after the initial sale the officers had to relocate him in order to purchase more marijuana. In comparison with sentences for sales of other illicit drugs, he claims that his own sentence is too severe. *Cf. Wharton v. State*, 590 P.2d 427 (Alaska 1979) (suspended imposition of sentence for possession of cocaine).

Druck is a 26 year old Native Alaskan from the bush community of Chalkyitsik. He has little formal education, is unskilled, and has never been regularly employed, although he has worked at times as a summer firefighter, laborer and logger.[2] He received a general discharge from the United States Army after approximately two years of service. He has no prior felony convictions.

▮ Marijuana offenses have been held to come within the least significant category of drug offenses,[3] and within that category Druck's offense is relatively mild. But Druck's prior record includes a lengthy history of misdemeanors, including five convictions for disorderly conduct and two for carrying a firearm while intoxicated. Given Druck's record, we are unable to say that in imposing the sentence that it did, the superior court was clearly mistaken as to its length.[4] Accordingly, we must reject Druck's argument that his sentence is ex-

cessive. *McClain v. State*, 519 P.2d 811 (Alaska 1974).[5]

Upon receipt of our mandate, the superior court shall revise its judgment as indicated in footnote 4 of this opinion. Otherwise, Druck's sentence is AFFIRMED.

---

2. We take judicial notice of the fact that "employment," in the sense that it is understood by those citizens living in urban communities, is more often than not simply unavailable to persons living in the Alaskan bush, but that such persons may devote a great deal of time and effort to activities that are the functional equivalent of the city dweller's "job." We note also that such activities may involve skills quite unlike those required in some other trade or business. Typical examples would be trapping or subsistence hunting and fishing. The fact that Druck has no "skills" or history of regular "employment," therefore, does not necessarily mean that he was not a productive member of the community from which he came or, perhaps, highly skilled in the activities common to that area.

3. *Waters v. State*, 483 P.2d 199 (Alaska 1971).

4. We do note that the judgment entered contained no recommendation concerning alcohol counselling, despite the court's opinion that if his alcohol problem were eliminated, Druck would "be able to rehabilitate himself into a successful member of society." The judgment should have incorporated an appropriate recommendation to that effect, and should be reformed accordingly. ↓

5. We also note that our affirmances of the length of his sentence at this time will not foreclose Druck from later challenging on appeal the severity of any future order requiring the execution of all or a portion of his four year suspended sentence. *See Gilligan v. State*, 560 P.2d 17, 19 (Alaska 1977).