Bud G. OWINGS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2823.

Court of Appeals of Alaska.

March 31, 1989.

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and John Salemi, Acting Public Defender, Anchorage, for appellant.

Kenneth J. Goldman, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Bud G. Owings pled no contest and was convicted of one count of sexual abuse of a minor, a class C felony, in violation of former AS 11.41.440(a)(2). He received a sentence of three years with two and one-half years suspended. He appeals, challenging his sentence on two grounds. First, he contends that the trial court should have imposed a suspended imposition of sentence, pursuant to AS 12.55.085. Second, he argues that the six months of incarceration is excessive. We affirm.

## THE OFFENDER

At the time of sentencing, Owings was fifty-two years of age. He is a college graduate and was retired after teaching in the public schools for many years. He was also a commercial fisherman during several summers, retiring from that occupation in 1973. Owings has been married twice and has four children. He was honorably discharged after serving two years in the Air Force Reserve. He has no criminal record and, in fact, has never had a traffic violation or a parking fine.

## THE OFFENSE

On July 17, 1987, B.P., who was born on August 27, 1973, was in state custody. She informed her counselor that approximately six years earlier, when she was roughly eight or nine years of age, she had been living in the residence of Bud Owings and that Owings had sexually molested her. B.P. apparently ran away shortly after making the disclosure, and the investigation of her charges continued into the fall of 1987. In October 1987, state troopers discussed the charges with Owings, and he made a partial confession at this time. He acknowledged that during the period of time B.P. stayed in his home, he had become very anemic and could not have intercourse with his wife. Apparently, he placed his penis in the hand of B.P. on a number of occasions during this time, in the hope that such actions would cure his inability to maintain an erection. Owings indicated that he thought the victim was asleep on each occasion and was unaware of the incidents.

Owings has expressed great remorse for his actions, and has suffered a great deal of shame and humiliation from the publication of the charges. His wife has obtained a divorce. It appears that B.P.'s mother has commenced civil litigation to recover damages for the sexual molestation. The presentence officer and the court were apparently satisfied that the sexual assaults were isolated incidents and that Owings has never bothered another child. Owings was examined by Dr. Steve Parker, a clinical psychologist. Dr. Parker concluded as follows:

If Mr. Owings' account of the events is believed, the sexual contact occurred at a time of considerable stress from his hemorrhoids and consequent anemia [which he believed led to his impotency], from the relationship to his wife and their sexual problems, and his fears about his impotency. Additionally, he appears to have been able to cease his activities with the child on his own, after a short time, because of a strong conscience. The sexual contact with the child thus appears to be primarily situationally related with an

unusual set of circumstances, rather than driven by his personality.

Dr. Parker further concluded that Owings was not a pedophile because he did not have recurrent sexual fantasies about children, but rather acted on the spur of the moment. Dr. Parker noted that all of the sexual abuse occurred during a ten-day to two-week period. He felt that Owings would benefit most from counseling in connection with his church because of Owings' strong religious beliefs. Dr. Parker felt that:

> [Owings is not a danger to repeat his offense] under the present set of circumstances. Again, the occurrence of the crime appears to be related to stress factors surrounding his medical condition, which also increased problems in his marriage. Additionally, he has very strong guilt-control mechanisms, which usually inhibit his behavior. Mr. Owings knows what he did was wrong, and has suffered some consequences (public humiliation, separation of his wife) for it. He has a very moral personality, and tends to repress and deny the darker parts of the personality (such as sexual needs and psychological weaknesses). I think this tendency towards repression also led to his anemia; he was seriously bleeding from his hemorrhoids, yet ignored it for a long time. He also appears to deny any current sexual problems, though this is contrary to the material in the Department of Youth and Family Services report.

> It is unlikely that his tendencies towards denial and repression will change through counseling or experience. Given Mr. Owings' conscience, I would also expect that probation would additionally reduce the likelihood of a similar occurrence; guilt and fear of punishment are effective deterrents for him.

## THE SENTENCING

Judge Hodges imposed a sentence of three years with two and one-half years suspended. He based this sentence on a number of factors. He concluded that Owings had a good probability of successful rehabilitation, based on his lack of a past record and on the fact that these were isolated incidents which occurred a substantial time in the past and which were not repeated during the intervening time. Judge Hodges concluded that if Owings' offense was not the least serious offense within its class, it certainly approximated the least serious offense. Judge Hodges was favorably influenced by Owings' ready admission of the offense to the troopers and concluded that Owings' current attitude and progress were acceptable. Judge Hodges recognized that he could impose a suspended imposition of sentence, but felt that a suspended imposition of sentence was inappropriate in sexual abuse cases in the absence of extremely unusual circumstances, which he did not find to be present in Owings' case. Judge Hodges discussed the *Chaney* criteria. *See State v. Chaney*, 477 P.2d 441 (Alaska 1970) (rehabilitation, deterrence, isolation, and reaffirmation of community norms). Judge Hodges concluded that some period of incarceration was necessary, apparently to reaffirm community norms.

## DISCUSSION

Owings argues that the trial court erred in failing to suspend imposition of sentence pursuant to AS 12.55.085, and in imposing six months of incarceration. While Owings argues these two issues together, they are best considered separately.

The trial court recognized that it had discretion to grant Owings a suspended imposition of sentence.[1] The supreme court has held that for youthful first offenders convicted of nonviolent crimes, a suspended imposition of sentence should

---

1. AS 12.55.085 has been amended to preclude a suspended imposition of sentence for someone convicted of sexual abuse of a minor. The offense has also been upgraded to a class B felony. The amendments were not in effect at the time Owings committed his offense, and both parties are in agreement that his offense was a class C felony, and that he was eligible for a suspended imposition of sentence. *See State v. Doe*, 647 P.2d 1107, 1111 n. 12 (Alaska App. 1982).

always be given careful consideration. *Nattrass v. State*, 554 P.2d 399, 401 (Alaska 1976). Where a youthful first offender is convicted of a nonviolent offense, and the offense is a single isolated transaction not likely to recur, a suspended imposition of sentence may be mandatory. *See Wharton v. State*, 590 P.2d 427, 430–31 (Alaska 1979). In other cases, where youthful first felony offenders are convicted of nonviolent offenses but engage in a pattern of behavior, it is not an abuse of discretion to deny a suspended imposition of sentence. *See Mullins v. State*, 573 P.2d 860, 861 (Alaska 1978); *see also Troyer v. State*, 614 P.2d 313, 319–21 (Alaska 1980) (two eighteen-year-old defendants were convicted of multiple burglaries during a brief period of time; in remanding the case, the supreme court mentioned but did not mandate a suspended imposition of sentence, and concluded that the sentences should not exceed five years with two years suspended). We have also concluded that a suspended imposition of sentence may be inappropriate where the defendant fails to acknowledge the seriousness of his or her conduct. *See Jones v. Anchorage*, 754 P.2d 275, 280 (Alaska App.1988).

■ The trial court did not abuse its discretion in denying Owings a suspended imposition of sentence. Owings was not a youthful offender at the time he committed his offense. More importantly, it appears that while his sexual abuse may have been situational, it was not a single isolated event; in fact, his conduct encompassed a number of incidents occurring over a ten-day to two-week period. Finally, the trial court might justifiably consider that Owings was a schoolteacher and might wish to return to that profession. There is nothing in the record to suggest that Owings had ever molested a school student or that it would be inappropriate for him to return to his former employment. However, the trial court could well consider that a school district contemplating hiring Owings

should know of these incidents to make an informed decision. *Cf. Mullins*, 573 P.2d at 861 (youthful first offender was convicted of embezzling from his employer; consideration that future employers could conceivably need to know of Mullins' criminal activity to properly evaluate him as a potential employee might explain why the supreme court did not conclude that a suspended imposition of sentence was mandatory).

■ Owings next argues that a sentence of six months' incarceration is excessive. He does not object to the suspended portion of his sentence. He relies on two cases in which we found sentences imposed upon first felony offenders convicted of sexual abuse of a minor too lenient, and indicated that a longer sentence should have been imposed. *See State v. Coats*, 669 P.2d 1329 (Alaska App.1983); *State v. Doe*, 647 P.2d 1107 (Alaska App.1982). Reading these cases together, Owings seems to conclude that a minimum sentence in sexual abuse of a minor cases should be a suspended sentence, conditioned on ninety days' to six months' incarceration. Neither of those cases, however, purport to indicate that a longer sentence would have been inappropriate for either Doe or Coats. In fact, we have interpreted *Doe* and *Coats* as holding that the most mitigated range of sentences for those convicted of sexual abuse of a minor would be ninety days to three years. *See State v. Brinkley*, 681 P.2d 351, 356–57 (Alaska App.1984). Further, as we pointed out in *Coats*, in the absence of mitigating circumstances which weigh strongly against imposition of any significant period of incarceration, the sentencing range (ninety days to three years) approved in *Doe* would be inappropriate. *Coats*, 669 P.2d at 1332.[2] Our language in *Langton v. State*, 662 P.2d 954, 960 (Alaska App.1983), is instructive:

---

**2.** The ninety days to three years range approved of in *Brinkley* and *Doe* applied to class A and class B felonies. Owings was a first felony offender convicted of a class C felony. Thus, he should receive a more favorable prison sentence

than the two-year presumptive term for a second felony offender. *Austin v. State*, 627 P.2d 657 (Alaska App.1981). Owings does not contend that *Austin* was violated in this case.

We are not suggesting that there is no conceivable fact situation which would warrant a probationary sentence for one convicted of sexual assault. We recognize that there may be situations where evidence regarding consent by an adult is ambivalent, or where the law precludes a person by virtue of his or her age from consenting to sexual contact or penetration but the parties are so close to the ages specified in the statute exempting their conduct from regulation that the victim's legal inability to consent could be deemed more technical than real. But none of these considerations justifies a suspended sentence for one who engages in sexual penetration with a four-year-old child. . . .

Owings did not engage in sexual penetration with a four-year-old child, but he did on more than one occasion engage in sexual contact with an eight-year-old child. Under the circumstances, the trial court's decision to impose a sentence of three years with two and one-half years suspended was not clearly mistaken. *See McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence of the superior court is AFFIRMED.